■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL TAVARES, Appellant. [710 NYS2d 256] —Mercure, J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered May 6, 1999, convicting defendant upon his plea of guilty of the crime of assault in the second degree.

Defendant, a prison inmate, was indicted for assault in the second degree and aggravated harassment of an employee by an inmate as a result of a January 6, 1998 incident in which defendant was alleged to have injured a correction officer while interfering with the officer's effort to extinguish a fire that defendant had set in his cell and also to have thrown a cup containing urine or feces at the officer. Defendant moved pursuant to CPL 210.40 to dismiss the indictment in furtherance of justice upon the ground that he was suffering from a terminal illness and was not likely to live long enough to serve an additional prison sentence. County Court denied the motion. Defendant thereafter disposed of the indictment with a plea of guilty to the assault count and was sentenced to a consecutive determinate prison term of five years. Defendant now appeals, contending only that the court abused its discretion in denying the CPL 210.40 motion without a hearing.

Although not asserted by the People, the dispositive consideration here is that by pleading guilty, defendant forfeited his right to appellate review of County Court's denial of his motion (*see, People v Nitzke*, 152 AD2d 815; *People v Macy*, 100 AD2d 557). We conclude that the appeal is in any event lacking in merit. Considering defendant's prior record and the circum-

stances of the present crime, we are not persuaded that this is one of " 'those rare and compelling instances in which the public interests and the individual interest of the accused coincide and permit the court to exercise forbearance' " (*People v Natarelli*, 154 AD2d 769, 770, quoting *People v Belkota*, 50 AD2d 118, 120). Although defendant's illness was worthy of some consideration (*see*, CPL 210.40 [1] [d]), that factor was by no means determinative (*see*, *People v Kennard*, 266 AD2d 718, *lv denied* 94 NY2d 864; *People v Natarelli*, *supra*). Finally, we are not persuaded that County Court was required to hold a hearing prior to denying defendant's motion (*see*, *People v Shedrick*, 104 AD2d 263, 275, *affd* 66 NY2d 1015; *People v Macy*, *supra*).

Cardona, P. J., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.