■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERTO ARVELO, Appellant. [790 NYS2d 127]—

Judgment, Supreme Court, New York County (Ronald A. Zweibel, J., at competency hearing; Harold Beeler, J., at further competency proceedings, dismissal motion, plea and sentence), rendered April 18, 2001, convicting defendant of attempted robbery in the first degree, and sentencing him, as a persistent violent felony offender, to a term of 16 years to life, unanimously affirmed.

The record establishes that defendant was mentally competent at the time of his plea and sentence (*see Pate v Robinson*, 383 US 375 [1966]). Shortly before the plea, defendant was examined pursuant to CPL article 730 and the doctors' finding of competency was confirmed by the plea court on consent. In addition, there had been a long history of competency proceedings in this case, including a thorough competency hearing held less than two years before the plea, and the record fully supports the hearing court's finding that defendant had been fit to proceed at that time (*see People v McMillan*, 212 AD2d 445, 446 [1995], *lv denied* 85 NY2d 976 [1995]).

We conclude that there was nothing before the plea court that would obligate it to conduct a competency hearing on its own motion (*see* CPL 730.30 [2]; *People v Tortorici*, 92 NY2d 757 [1999], *cert denied* 528 US 834 [1999]). We note that there is extensive evidence in the record that defendant feigns or exaggerates psychiatric symptoms. Defendant's argument that the psychiatrists relied on tests that should have been subjected to scrutiny as to their general acceptance, reliability and other such matters (*see People v Wesley*, 83 NY2d 417 [1994]) is unpreserved (*People v Angelo*, 88 NY2d 217, 223 [1996]) and unavailing. We have considered and rejected defendant's remaining arguments concerning the competency issue.

The plea allocution record establishes that defendant knowingly, intelligently and voluntarily pleaded guilty. "Nothing in the plea allocution record itself refers to an intoxication defense or casts doubt on the voluntariness of the plea, and the court was not required to make a sua sponte inquiry regarding defendant's mention of intoxication on other occasions" (*People v Fiallo*, 6 AD3d 176, 177 [2004], *lv denied* 3 NY3d 640 [2004] [citations omitted]). In any event, there is no suggestion in the record that defendant had a viable intoxication defense.

By pleading guilty, defendant forfeited his right to appellate review of the court's denial of his CPL 210.40 motion to dismiss the indictment in furtherance of justice (*see e.g. People v Tavares*, 273 AD2d 707 [2000], *lv denied* 95 NY2d 939 [2000];

*People v Travis*, 205 AD2d 648 [1994], *lv denied* 84 NY2d 940 [1994]). In any event, the motion was properly denied (*see People v Tavares*, 273 AD2d at 707-708). Concur—Buckley, P.J., Mazzarelli, Ellerin, Williams and Sweeny, JJ.