People v LaPierre (2020 NY Slip Op 07626)





People v LaPierre


2020 NY Slip Op 07626


Decided on December 17, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 17, 2020

107264

[*1]The People of the State of New York, Respondent,
v
Eugene LaPierre, Appellant.

Calendar Date: November 20, 2020

Before: Egan Jr., J.P., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.


G. Scott Walling, Slingerlands, for appellant.
Gordon W. Eddy, Special Prosecutor, Ballston Spa, for respondent.



Colangelo, J.
Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered November 27, 2013, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.
Defendant, while serving a sentence for a robbery conviction, was involved in an altercation with another inmate who sustained multiple lacerations. During a subsequent medical examination, defendant admitted that he possessed a weapon and produced a sharpened toilet brush handle with a rubber band grip that had been secreted on his person. Defendant was charged by indictment with criminal possession of a weapon in the third degree and promoting prison contraband in the first degree, both based upon his possession of the sharpened toilet brush handle. County Court thereafter issued a decision addressing claims raised in omnibus motions submitted by defendant pro se and by defense counsel that, among other things, denied the motions to dismiss the indictment. After a detailed colloquy, County Court granted defendant's request to proceed pro se, and additional pro se motions were addressed. Following a Huntley hearing, defendant's motion to suppress his statement regarding the secreted weapon was denied.
At the next appearance, County Court advised defendant that it had received his letter indicating that he would not continue to represent himself on these charges; given that he had appeared without retained counsel, the court assigned the Assistant Public Defender who had previously represented him on these charges, who resumed his representation of defendant. After conferring with counsel, defendant pleaded guilty under count 2 of the indictment to the reduced charge of attempted promoting prison contraband in the first degree [FN1] and executed a written waiver of appeal, in exchange for a prison sentence of 1½ to 3 years.
Defendant failed to appear for sentencing and, after taking testimony, County Court concluded that he had voluntarily refused to attend and proceeded in his absence. The court then denied defendant's pro se motion to withdraw his guilty plea which was premised on, among other allegations, claims of innocence, coercion to enter a guilty plea and inadequate time to prepare a defense. The court sentenced defendant in abstentia, as a second felony offender, to the agreed-upon prison sentence, to be served consecutively to the sentence he was then serving. Defendant appeals.
We affirm. Initially, we agree with defendant that his waiver of appeal is invalid, as County Court failed to advise him that the right to appeal is separate and distinct from the rights he was automatically forfeiting by pleading guilty, and the written waiver of appeal signed by defendant was similarly deficient (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Kehn, 173 AD3d 1564, 1564 [2019]; People v Morrow, 163 AD3d 1265, 1265 [2018]). Nonetheless, we find that the issues raised by defendant are either precluded [*2]by his guilty plea or lack merit.
Defendant challenges the voluntariness of his guilty plea and, relatedly, argues that the denial of his motion to withdraw his plea constituted an abuse of discretion. Defendant's claims that his plea was coerced and that he was denied adequate time to prepare a defense are unsupported by the record of the plea allocution, which reflects that he assured County Court, under oath, that he understood the terms of the plea agreement and had not been forced to plead guilty; he confirmed that he had sufficient time to confer with counsel to discuss possible defenses, the strengths and weaknesses of his case and the consequences of a guilty plea, and that he was satisfied with counsel's services. Defendant's allegations do not amount to coercion but, rather, represent "the type of situational coercion faced by many defendants who are offered a plea deal, which did not render his plea involuntary" (People v Blanford, 179 AD3d 1388, 1392 [2020] [internal quotation marks and citation omitted], lv denied 35 NY3d 968 [2020]).
Although defendant complains that he had difficulty preparing his defense from a high security facility, it was defendant's choice to elect to proceed pro se after extensive warnings about the difficulties of doing so, and he was granted an adjournment to prepare for pretrial hearings and trial. It was defendant's own actions, on the eve of trial, in sending a letter to County Court indicating that he had no intention of proceeding with the trial or representing himself — which he affirmed at the next appearance at which he arrived without retained counsel — that resulted in the court's justifiable decision to reassign his former counsel to represent him. The right to self-representation is not absolute and may be forfeited (see People v McIntyre, 36 NY2d 10, 18 [1974]; People v Wingate, 184 AD3d 738, 738-739 [2020], lv denied 35 NY3d 1071 [2020]) and, under the circumstances, the court was not required to accede to defendant's delay tactics and grant a further adjournment to permit him to retain counsel (see People v Booker, 133 AD3d 1326, 1327 [2015], lv denied 27 NY3d 1149 [2016]). Given the foregoing, we are satisfied that defendant's guilty plea was a "knowing, voluntary and intelligent choice among alternative courses of action" (People v Conceicao, 26 NY3d 375, 382 [2015] [internal quotation marks and citation omitted]; accord People v Thomas, 175 AD3d 1614, 1615 [2019], lv denied 34 NY3d 1019 [2019]).
Further, absent record "evidence of innocence, fraud or mistake in the inducement" of the plea, we cannot conclude that County Court abused its discretion in denying defendant's motion to withdraw his plea without a hearing (People v Palmer, 174 AD3d 1118, 1119 [2019] [internal quotation marks and citations omitted]; accord People v Burnell, 183 AD3d 931, 933 [2020], lv denied 35 NY3d 1043 [2020]). Defendant's claim that he was deprived of meaningful representation based upon counsel's advice [*3]concerns matters outside of the record that is more properly addressed in a motion pursuant to CPL article 440 (see People v Williams, 184 AD3d 1010, 1013-1014 [2020], lv denied 35 NY3d 1097 [2020]).
Defendant also argues that County Court erred in denying his pro se motion, and the motion made by defense counsel, to dismiss the indictment in the interest of justice (see CPL 210.40). However, "by pleading guilty, defendant forfeited his right to appellate review of County Court's denial of his motion" (People v Tavares, 273 AD2d 707, 707 [2000], lv denied 95 NY2d 939 [2000]; see People v Arvelo, 16 AD3d 128, 129 [2005], lv denied 4 NY3d 883 [2005]; People v Nitzke, 152 AD2d 815, 815 [1989]). In any event, "[a]n indictment should only be dismissed in the interest of justice where there is some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant would constitute or result in injustice" (People v Snowden, 160 AD3d 1054, 1055 [2018] [internal quotation marks and citations omitted]). Defendant's motion was premised, in part, on the exemption from criminal liability for the voluntary surrender of a weapon to designated authorities (see Penal Law § 265.20 [a] [1] [f]), which, as a defense that may be raised at trial, provided no basis for dismissing the indictment (see People v Kohut, 30 NY2d 183, 187 [1972]; see also People v Santana, 7 NY3d 234, 237 [2006]). Likewise, to the extent that defendant's motion was based upon the claim that the charged crimes were the product of coercion (see Penal Law § 40.00 [1]), he forfeited that potential affirmative defense by pleading guilty and foregoing a trial at which it could be raised (see Penal Law § 25.00 [2]; People v Bastidas, 67 NY2d 1006, 1007 [1986]).
As for defendant's challenge to the denial of his motion to dismiss the indictment based upon a claim of duplicity, this is a nonjurisdictional challenge to the indictment that was also waived by his guilty plea (see People v Vega, 268 AD2d 686, 687 [2000], lv denied 95 NY2d 839 [2000]; see also People v Griffin, 173 AD3d 1203, 1205 [2019], lv denied 34 NY3d 981 [2019]; People v Lewis, 138 AD3d 1346, 1347-1348 [2016], lv denied 28 NY3d 173 [2016]). In any event, "[a]n indictment is duplicitous when a single count charges more than one offense (People v Alonzo, 16 NY3d 267, 268-269 [2011]; see CPL 200.30 [1]), and neither count charged more than one offense. Contrary to defendant's claim, the factual reference in the People's response to the bill of particulars — to another weapon being found at the fight scene, namely, a "sharpened piece of metal with a paper handle wrapped in plastic tape" — did not charge another offense or create an ambiguity; the indictment clearly only charged defendant with possessing one weapon, i.e., the weapon found on his person, the sharpened toilet brush handle (see CPL 200.95 [1]; People v Alonzo, 16 NY3d at 269; People v Keindl, 68 NY2d 410, 416-418 [1986[*4]]). Defendant's challenge to the denial of his broad request for "investigative, expert or other services" under County Law § 722-c was forfeited by his guilty plea (see People v Simcox, 219 AD2d 869, 870 [1995]; see generally People v Parilla, 8 NY3d 654, 659 [2007]; People v Hansen, 95 NY2d 227, 230-231 [2000]) and, in any event, we cannot conclude that County Court abused its discretion in denying the request, given that defendant did not submit any supporting facts to establish the necessity for the request (see People v Walker, 167 AD3d 1502, 1503 [2018], lv denied 33 NY3d 955 [2019]; People v Clark, 110 AD3d 1341, 1342-1343 [2013], lv denied 22 NY2d 1197 [2014]). We have examined defendant's remaining claims and conclude that they do not have merit.
Egan Jr., J.P., Clark, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Although County Court indicated that it was amending count 2 of the indictment to charge the reduced crime of attempted promoting prison contraband in the first degree, the record does not reflect that the indictment was amended (see CPL 200.70). Thus, it appears that defendant pleaded guilty to a reduced offense under count 2 (see CPL 1.20 [37]; 220.10 [4] [b]).