People v Narvaez (2021 NY Slip Op 50601(U))

[*1]

People v Narvaez (Dana)

2021 NY Slip Op 50601(U) [72 Misc 3d 128(A)]

Decided on June 25, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 25, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: McShan, J.P., Brigantti, Hagler, JJ.

570258/20

The People of the State of New York,
Respondent, 
against
Dana Narvaez, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx
County (Tara A. Collins, J., on dismissal motion; George A. Grasso, J., at plea and sentencing),
rendered March 6, 2019, convicting him, upon his plea of guilty, of driving while ability
impaired by alcohol, and imposing sentence.

Per Curiam.
Judgment of conviction (Tara A. Collins, J., on dismissal motion; George A. Grasso, J., at
plea and sentencing), rendered March 6, 2019, affirmed.
Since defendant waived the right to be prosecuted by information, the facial sufficiency of
the accusatory instrument must be assessed under the standard required of a misdemeanor
complaint (see People v Dumay, 23
NY3d 518 [2014]). At the pleading stage, the misdemeanor complaint need only provide
factual allegations that give defendant sufficient notice to prepare a defense and to ensure against
double jeopardy (id., at 524). Additionally, the misdemeanor complaint must allege facts
of an evidentiary character that provide reasonable cause to believe that the defendant committed
the crime charged (People v Dumas, 68 NY2d 729, 731 [1986]; CPL 100.40[4][b]).
In this case, the misdemeanor complaint was jurisdictionally valid because it described facts
of an evidentiary nature establishing reasonable cause to believe that defendant operated a motor
vehicle while his ability to do so was impaired by alcohol (see Vehicle and Traffic Law
§ 1192[1]). Contrary to defendant's present contention, the operation element of the offense
was satisfied by allegations that he was observed seated behind the steering wheel of the vehicle
with the engine running (see People v Alamo, 34 NY2d 453, 458-459 [1974]; People v Almanzar, 113 AD3d 527
[2014], lv denied 23 NY3d 1059 [2014]).
By pleading guilty, defendant forfeited his right to appellate review of the court's denial of
his CPL 170.40 motion to dismiss the misdemeanor complaint in furtherance of justice (see e.g. People v Kontos, 71 AD3d
507 [2010], lv denied 14 NY3d 889 [2010]; People v Monroe, 56 Misc 3d 127[A], 2017 NY Slip Op 50810[U]
[App Term, 1st Dept 2017], lv denied 29 NY3d [*2]1131
[2017]). In any event, the motion was properly denied. The trial court determined that the
prosecutor's actions were without malice or ill will and did not rise to the level of exceptional
serious misconduct. The trial court also provided a thorough analysis of the ten factor test
enumerated in CPL 170.40. We are not persuaded that this is one of those rare and
compelling instances in which the public interest and the individual interest of the accused
coincide and permit the court to exercise forbearance (see People v Tavares, 273 AD2d
707 [2000], lv denied 95 NY2d 939 [2000]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concurI concur
Decision Date: June 25, 2021