People v Jones (2021 NY Slip Op 07032)





People v Jones


2021 NY Slip Op 07032


Decided on December 16, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 16, 2021

111703
[*1]The People of the State of New York, Respondent,
v
Clayton Jones Jr., Appellant.

Calendar Date:November 12, 2021

Before:Egan Jr., J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.

Cliff Gordon, Monticello, for appellant.
Meagan K. Galligan, District Attorney, Monticello (Lisa M. Bondarenka of counsel), for respondent.



Appeal from a judgment of the County Court of Sullivan County (McGuire, J.), rendered March 1, 2019, convicting defendant upon his plea of guilty of the crimes of burglary in the third degree and unauthorized use of a motor vehicle in the third degree.
After defendant pleaded guilty to an unrelated burglary charge and was released pending sentencing, he was arrested and subsequently charged in an eight-count indictment with burglary in the third degree, grand larceny in the fourth degree and other crimes stemming from his theft of a truck and entry into a business in the middle of the night while on release. A global disposition was agreed to pursuant to which defendant would, among other terms, admit violating the conditions of his release following his first guilty plea and enter a guilty plea to burglary in the third degree under count 1 of the indictment and be sentenced, as a second felony offender, to prison terms of 2½ to 5 years on each burglary conviction, to be served consecutively. Defendant thereafter admitted violating the conditions of his release on the burglary plea, but failed to properly allocute to the burglary charge in count 1 of the indictment and, as a result, County Court declined to accept that guilty plea. The court then imposed an enhanced prison sentence of 3½ to 7 years on the earlier burglary conviction, which this Court recently affirmed (People v Jones, 196 AD3d 974 [2021]).
The indictment was set down for further proceedings and trial and, on the day scheduled for jury selection, defendant accepted a negotiated plea agreement pursuant to which he pleaded guilty to burglary in the third degree as charged in count 1 of the indictment, and to the charge of unauthorized use of a motor vehicle, a misdemeanor, as charged in count 2, as reduced and amended. The plea agreement included a waiver of appeal. Consistent with that agreement, defendant was sentenced, as an acknowledged second felony offender, to 3 to 6 years on the third-degree burglary conviction and one year in jail [FN1] on the misdemeanor conviction, to be served consecutively to his prison sentence on the earlier burglary conviction. Defendant appeals.
We affirm. Initially, as the People concede, defendant's waiver of appeal was invalid. Thus, defendant is not foreclosed from challenging the agreed-upon sentence as harsh and excessive (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Mayeaux, 197 AD3d 1443, 1444 [2021]).
Defendant's guilty plea to burglarizing a business satisfied other charges, including the separate acts of stealing a truck and possessing a controlled substance. It also avoided potential consecutive sentences on the indicted charges (see Penal Law § 70.25 [2]) and persistent felony offender sentencing (see Penal Law § 70.10; CPL 400.20), and the sentence was less than the maximum authorized for a second felony offender for third-degree burglary (see Penal Law § 70.06 [3] [d]). Under these circumstances, we find no extraordinary [*2]circumstances or abuse of discretion warranting a reduction of the agreed-upon sentence of 3 to 6 years ultimately imposed (see CPL 470.15). Defendant's further contention that he was entitled to the lower prison sentence agreed to earlier under the global disposition, i.e., 2½ to 5 years, is unavailing.
Egan Jr., J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: The one-year jail sentence merged with the prison sentence (see Penal Law § 70.35).