People v Agueda (2022 NY Slip Op 00693)





People v Agueda


2022 NY Slip Op 00693


Decided on February 3, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:February 3, 2022

110702 112643
[*1]The People of the State of New York, Respondent,
v
Leoneudi Agueda, Appellant.

Calendar Date:January 12, 2022

Before:Lynch, J.P., Clark, Aarons and Reynolds Fitzgerald, JJ.

Mark Diamond, Albany, for appellant.
David J. Clegg, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.



Reynolds Fitzgerald, J.
Appeals (1) from a judgment of the County Court of Ulster County (Williams, J.), rendered July 27, 2018, convicting defendant upon his plea of guilty of the crime of criminal sexual act in the second degree, and (2) by permission, from an order of said court (Rounds, J.), entered August 17, 2020, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing, and (3) by permission, from an order of said court (Rounds, J.), entered December 8, 2020, which, upon reargument, adhered to its prior decision.
Pursuant to a negotiated plea agreement, defendant pleaded guilty as charged in an indictment to criminal sexual act in the second degree and admitted that he had oral sexual contact with the 12-year-old victim. As part of that agreement, defendant waived his right to appeal and signed a written waiver of appeal in open court. In exchange, the People agreed not to present to the grand jury — which had been extended to consider additional charges — more serious charges including A-II and B violent felonies and a bribery charge stemming from defendant's alleged attempts to bribe witnesses appearing before the grand jury. County Court (Williams, J.) thereafter imposed the promised seven-year prison sentence to be followed by 10 years of postrelease supervision.
Two years later, defendant moved pursuant to CPL 440.10 to vacate the judgment of conviction, contending, among other things, that his plea was not knowing, voluntary and intelligent in that he was pressured to accept the plea deal and was deprived of the effective assistance of counsel. The People opposed the motion. County Court (Rounds, J.) denied the motion on the ground that the issues raised are based upon matters that either were part of — or through the exercise of due diligence could have been made to appear upon — the trial record and are not properly the subject of a CPL article 440 motion (see CPL 440.10 [3] [a]). Defendant thereafter moved to reargue the motion on the ground that he had not been served with, or had an opportunity to reply to, the People's affirmation in opposition. County Court granted reargument, considered defendant's papers submitted in reply and adhered to its decision denying the motion to vacate the judgment. Defendant appeals from the judgment of conviction and, with permission, from the orders denying his CPL 440.10 motion.
Initially, with respect to the judgment of conviction, defendant's challenge to the agreed-upon sentence as harsh and excessive is precluded by his unchallenged oral and written waiver of appeal (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Brickhouse, 181 AD3d 1057, 1057 [2020], lv denied 35 NY3d 1025 [2020]). Although defendant's further argument that his guilty plea was not knowing, intelligent and voluntary, in that it was the product of coercion and undue pressure, survives his unchallenged appeal waiver, it is unpreserved given that the record does not reflect that [*2]he made an appropriate postallocution motion despite having had ample time in which to do so (see CPL 220.60 [3]; People v Williams, 27 NY3d 212, 219-222 [2016]; People v McCoy, 198 AD3d 1021, 1022 [2021]). Defendant's related contention that he received ineffective assistance of counsel, to the extent that it implicates the voluntariness of his plea, also survives the appeal waiver but is similarly unpreserved (see People v Vilbrin, 183 AD3d 1012, 1013 [2020], lv denied 35 NY3d 1049 [2020]). Moreover, defendant did not make any statements during the plea colloquy or sentencing that triggered the narrow exception to the preservation requirement (see People v Lopez, 71 NY2d 662, 666 [1988]; People v McCoy, 198 AD3d at 1022-1023). Were we to address the challenge to his plea, we would find that it is unsupported by the record, which reflects that County Court (Williams, J.) carefully explained the terms of the plea agreement and that the additional charges were only a possibility, afforded defendant ample time to discuss the plea terms with defense counsel, and he indicated that he had sufficient time to discuss it with counsel and was not being pressured. As such, we would find that the pressure to which defendant now contends he was subjected amounts to no more than "the type of situational coercion faced by many defendants who are offered a plea deal" (People v LaPierre, 189 AD3d 1813, 1815 [2020] [internal quotation marks and citation omitted], lv denied 36 NY3d 1098 [2021]) and that, after being informed of his options, he made "a knowing, voluntary and intelligent choice among alternative courses of action" (People v Conceicao, 26 NY3d 375, 382 [2015] [internal quotation marks and citation omitted]).
Next, defendant contends that County Court (Rounds, J.) erred in denying his CPL article 440 motion without a hearing on the ground that he was deprived of the effective assistance of counsel. Defendant raised a litany of claims as to how defense counsel was ineffective, including that counsel failed to adequately investigate the case, to present possible defenses to the charges or move to suppress his statements to police, and that counsel coerced his guilty plea and failed to argue for sentencing leniency. However, as County Court noted, defendant's motion papers reflect that most of these issues could have been, but were not, raised before the trial court, prior to sentencing, and argued on direct appeal. That is, these "issues are based upon matters that either were part of — or through the exercise of due diligence could have been made to appear upon — the trial record" (People v Durham, 195 AD3d 1318, 1321 [2021], citing CPL 440.10 [3] [a]). For example, prior to sentencing, defendant was aware that counsel did not move to suppress his statements, present defenses or argue for sentencing leniency and, nonetheless, he entered a guilty plea, admitted his guilt and accepted the promised sentence without making any effort to raise these [*3]issues (see People v Stanley, 189 AD3d 1818, 1819 [2020]; People v Chaney, 160 AD3d 1281, 1285 [2018], lv denied 31 NY3d 1146 [2018]). Moreover, "the failure to request a suppression hearing, standing alone, does not establish that defense counsel provided ineffective assistance, particularly in the absence of any basis upon which to conclude that a defendant had a colorable claim or that counsel's actions were not premised upon a legitimate strategy" (People v Chaney, 160 AD3d at 1285 [internal quotation marks and citation omitted]).
Defendant's claim of coercion based upon the advisement that he could face more serious charges if he did not accept the plea offer is, in fact, raised on this direct appeal, and, as previously noted, found to be unpreserved for direct appellate review (see CPL 440.10 [3] [a]); his remaining conclusory claim that counsel pressured him is unsupported by any evidence and contradicted by his assurances to the court during the plea allocution (see People v Stanley, 189 AD3d at 1819). Defendant did not submit an affidavit from trial counsel or explain its absence (see People v Stanley, 189 AD3d at 1819; People v Betances, 179 AD3d 1225, 1226 [2020], lv denied 35 NY3d 968 [2020]). Given that most of the contentions in the motion could have been — and in some instances have been raised upon defendant's direct appeal, they are not properly the subject of a CPL article 440 motion (see People v Chaney, 160 AD3d at 1285). Notably, denial of defendant's motion is consistent with "the purpose served by a CPL article 440 motion[, which] is to inform a court of facts not reflected in the record and unknown at the time of the judgment. By its very nature, the procedure cannot be used as a vehicle for an additional appeal" (People v Durham, 195 AD3d at 1320 [internal quotation marks, brackets and citation omitted]).
Further, "[t]o establish a claim of ineffective assistance of counsel, a defendant is required to demonstrate that he or she was not provided meaningful representation and that there is an absence of strategic or other legitimate explanations for counsel's allegedly deficient conduct" (People v Porter, 184 AD3d 1014, 1018 [2020] [internal quotation marks and citations omitted], lv denied 35 NY3d 1069 [2020]). "In the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt upon the apparent effectiveness of counsel" (People v Phillip, 200 AD3d 1108, 1110 [2021] [internal quotation marks and citations omitted]). Defendant received a favorable plea deal in that significantly more serious charges were not pursued, and he has not demonstrated that counsel lacked a strategic reason for his course of action. Under these standards, we do not find that County Court abused its discretion in denying defendant's motion to vacate the judgment of conviction without a hearing. Defendant's remaining arguments, to the [*4]extent not specifically addressed, have been examined and found to be lacking in merit.
Lynch, J.P., Clark and Aarons, JJ., concur.
ORDERED that the judgment and orders are affirmed.