People v Maddox (2022 NY Slip Op 05350)

People v Maddox

2022 NY Slip Op 05350

Decided on September 29, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 29, 2022

110270
[*1]The People of the State of New York, Respondent,
v
James Maddox, Appellant.

Calendar Date:September 13, 2022

Before:Garry, P.J., Egan Jr., Clark, Fisher and McShan, JJ.

Salvatore C. Adamo, Albany, for appellant.
P. David Soares, District Attorney, Albany (Jonathan P. Catania of counsel), for respondent.

Egan Jr., J.
Appeal from a judgment of the Supreme Court (Roger D. McDonough, J.), rendered December 22, 2017 in Albany County, convicting defendant upon his plea of guilty of the crime of attempted assault in the first degree.
Defendant was charged in a seven-count indictment with various violent and weapon-related crimes stemming from an assault of a store owner. In satisfaction of all charges and a pending, unrelated welfare fraud charge, defendant pleaded guilty to attempted assault in the first degree, admitting that he had attempted to cause serious physical injury to the victim with a baseball bat. In exchange for his guilty plea, defendant was promised a prison sentence with a cap of 10 years followed by five years of postrelease supervision (hereinafter PRS), with the minimum sentence set at 7½ years followed by five years of PRS, and was required to execute a waiver of appeal. Supreme Court thereafter sentenced defendant, as an acknowledged second felony offender, to a prison term of nine years to be followed by five years of PRS. Defendant appeals.
We affirm. Initially, as defendant argues and the People concede, defendant's waiver of appeal was invalid in that Supreme Court "improper[ly] descri[bed] the scope of the appellate rights relinquished by the waiver," a defect that was not cured by the written appeal waiver (People v Thomas, 34 NY3d 545, 566 [2019]). Thus, defendant is not foreclosed from challenging the agreed-upon sentence as harsh and excessive (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Jones, 200 AD3d 1321, 1322 [3d Dept 2021]). The record reflects that defendant has five prior felony convictions, two for violent felonies. Defendant admitted that he threatened the victim with a knife, left the store and returned with a baseball bat and struck the victim in the head, which was captured in a video recording. Although defendant attempted to justify his actions as taken in defense of his wife who had a disagreement with the victim, who reportedly threatened defendant and his wife with a shovel, defendant left the store and, rather than calling police, escalated the situation by returning with a baseball bat and striking the victim. Moreover, defendant's guilty plea satisfied numerous other serious charges, avoided a maximum 15-year prison term as a predicate felon for the violent crime to which he pleaded guilty (see Penal Law § 70.04 [3] [b]), was below the 10-year cap set under the plea agreement and avoided potential persistent felony offender sentencing (see Penal Law § 70.10). Given the foregoing, we do not find that the sentence was "unduly harsh or severe" and decline to reduce it in the interest of justice (CPL 470.15 [3] [c]; [6] [b]).
Defendant's argument that he was denied the effective assistance of counsel, which was not preserved by an appropriate post-allocution motion, is premised upon counsel's failure to move to withdraw defendant's guilty plea and consent to defendant's waiver of appeal. However, defendant [*2]does not point to any basis upon which such a motion could have been made, and has not demonstrated on this record that counsel, faced with a video recording of the incident, lacked a strategic or other legitimate reason for proceeding in this manner, namely, that defendant was receiving an advantageous plea deal that avoided much longer potential sentencing (see People v Caban, 5 NY3d 143, 152 [2005]; People v Benevento, 91 NY2d 708, 712 [1998]). Moreover, during the plea allocution, defendant affirmed that he had sufficient time to discuss the terms of the plea agreement with counsel and expressed satisfaction with his representation, at no time indicating that he wished to withdraw his guilty plea (see People v Sanders, 203 AD3d 1403, 1404 [3d Dept 2022]). To the extent that defendant also relies upon matters outside of the record on appeal, they are more appropriately the subject of a CPL article 440 motion (see People v Aponte, 190 AD3d 1031, 1033 [3d Dept 2021], lv denied 37 NY3d 953 [2021]).
Garry, P.J., Clark, Fisher and McShan, JJ., concur.
ORDERED that the judgment is affirmed.