People v Fish (2022 NY Slip Op 05354)

People v Fish

2022 NY Slip Op 05354

Decided on September 29, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 29, 2022

111776 112466
[*1]The People of the State of New York, Respondent,
v
Lamont T. Fish, Appellant.

Calendar Date:September 8, 2022

Before:Lynch, J.P., Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ.

Christian J. Root, Vestal, for appellant.
Matthew Van Houten, District Attorney, Ithaca (Emily Perks Quinlan of counsel), for respondent.

Fisher, J.
Appeals (1) from a judgment of the County Court of Tompkins County (John C. Rowley, J.), rendered December 21, 2018, convicting defendant upon his plea of guilty of the crime of burglary in the first degree, and (2) by permission, from an order of said court, entered August 7, 2020, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
Defendant broke a window and forcibly entered the victim's home with a shotgun, hid in a bedroom closet waiting hours for her to return home and, when the victim returned home with her father, defendant burst from the closet and attacked the victim's father, who was able to wrestle the gun from him. Defendant then pulled a knife out and attempted to stab the father but defendant was disarmed, subdued and the police were summoned. As a result, defendant was charged in a six-count indictment with burglary in the first degree and other crimes. In satisfaction of all charges, defendant accepted a plea agreement that provided that he would enter a guilty plea to the first count of the indictment charging him with burglary in the first degree, and sentencing would be capped at eight years in prison to be followed by a period of postrelease supervision of between 2½ and 5 years. Pursuant to that agreement, defendant pleaded guilty to that charge and was required to execute a waiver of appeal. County Court thereafter imposed a prison sentence of eight years to be followed by five years of postrelease supervision. In 2020, defendant moved to vacate the judgment of conviction contending that he had been deprived of the effective assistance of counsel, a motion opposed by the People. County Court denied defendant's motion in a written decision, without a hearing. Defendant appeals from the judgment of conviction and, by permission, from the order denying his CPL 440.10 motion.
We affirm. Initially, we agree with defendant's contention that his waiver of the right to appeal is invalid in that it purported to waive legal issues that are nonwaivable. To that end, he was incorrectly advised during the allocution, in overly broad language, that, as a consequence of the appeal waiver, "you will not be able to successfully challenge any aspect of this case" and that he "would have to live with" whatever sentence was imposed, and was never advised that certain issues survive the appeal waiver (see People v Thomas, 34 NY3d 545, 566-567 [2019]; People v Monk, 189 AD3d 1970, 1971 [3d Dept 2020], lv denied 37 NY3d 958 [2021]). The written waiver of appeal, signed by defendant under circumstances not reflected in the record, compounded this error (see People v David, 200 AD3d 1394, 1394 [3d Dept 2021]).[FN1]
To the extent that defendant challenges his guilty plea as not knowing, voluntary and intelligent, this claim is not preserved for our review given his failure to make an appropriate postallocution motion to withdraw his plea despite ample time in which to do so (see CPL 220.[*2]60 [3]; People v Stuber, 205 AD3d 1147, 1148 [3d Dept 2022], lv denied 38 NY3d 1136 [2022]). Moreover, defendant does not claim that the exception to the preservation requirement was triggered (see People v Pastor, 28 NY3d 1089, 1090-1091 [2016]; People v Lopez, 71 NY2d 662, 666 [1988]). Given that defendant's appeal waiver is unenforceable, he is not precluded from challenging the sentence as harsh and excessive (see People v Lopez, 6 NY3d 248, 255-256 [2006]; People v Duckett, 205 AD3d 1229, 1229 [3d Dept 2022]). However, upon review, we are not persuaded that the sentence, which was significantly less than the maximum authorized sentence of 25 years for this violent felony (see Penal Law § 70.02 [3] [b]) and satisfied numerous other charges, is harsh or excessive. Although defendant has only a minimal criminal history, his claim that he went to the victim's home solely to collect his belongings and fell asleep was discredited and is entirely inconsistent with the evidence strongly supporting the conclusion that he intended to harm the victim or worse, and was only thwarted due to the unexpected presence and protective actions of her father.
Defendant's mixed claims of ineffective assistance of counsel are grounded upon matters appearing both on the record and outside the record and, therefore, they are assessed together, in totality, to determine whether he was deprived of meaningful representation (see People v Cummings, 16 NY3d 784, 785 [2011], cert denied 565 US 862 [2011]; People v Taylor, 156 AD3d 86, 91-92 [3d Dept 2017], lv denied 30 NY3d 1120 [2018]). Defendant's motion to vacate is supported solely by his own conclusory affidavit and that of his attorney on the motion, and no affidavit is submitted from trial counsel. "The failure to include an affirmation from counsel, or an explanation for the failure to do so, has been held to warrant the summary denial of a defendant's postconviction motion" (People v Wright, 27 NY3d 516, 522 [2016] [citations omitted]). Furthermore, "[i]n the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt upon the apparent effectiveness of counsel" (People v Agueda, 202 AD3d 1153, 1156 [3d Dept 2022] [internal quotation marks and citations omitted], lv denied 38 NY3d 1031 [2022]). With regard to defendant's claim that counsel was ineffective for not filing pretrial motions, he failed to establish that counsel lacked a legitimate or strategic reason for forgoing such motions, namely, negotiating a very favorable plea agreement in the face of strong evidence of guilt and lengthy sentencing exposure (see People v Wright, 25 NY3d 769, 779 [2015]).
Further, the failure to request pretrial hearings does not establish ineffectiveness "particularly in the absence of any basis upon which to conclude that a defendant had a colorable claim" (People v Agueda, 202 AD3d at 1155 [internal quotation marks and [*3]citations omitted]). Defendant's various largely unsupported allegations — including that counsel failed to investigate the charges or a potential intoxication defense, to move to withdraw his guilty plea as he purportedly requested, to make pretrial motions, to meet with him for sufficient time to discuss the plea offers or to secure his testimony before the grand jury upon his request — are all matters that could have been but were not raised before County Court, prior to sentencing, which would have created a record for direct appeal (see id.). As such, the court's summary denial of the motion on these grounds was appropriate (see CPL 440.10 [3] [a]). Moreover, the record reflects that, in advance of the plea proceedings, defense counsel procured a report that documented defendant's alcoholism, the court advised him about the intoxication defense — which defendant expressly waived — and counsel emphasized defendant's addiction in asking for sentencing leniency. Defendant also assured the court that he had sufficient time to discuss his legal options with counsel and was satisfied with counsel's efforts prior to pleading guilty. Given the foregoing, we discern no abuse of discretion in County Court's summary denial of defendant's motion (see People v Wright, 27 NY3d at 520).
Lynch, J.P., Aarons, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the judgment and order are affirmed.

Footnotes

Footnote 1: Likewise, the plea memorandum signed by defendant and provided to him purported to impermissibly waive the right to bring any postjudgment motions (see People v Thomas, 34 NY3d at 554, 566).