People v Howard (2023 NY Slip Op 00693)

People v Howard

2023 NY Slip Op 00693

Decided on February 9, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 9, 2023

111118 
[*1]The People of the State of New York, Respondent,
v
Marcelles Howard, Appellant.

Calendar Date:January 6, 2023

Before:Egan Jr., J.P., Clark, Ceresia, Fisher and McShan, JJ. 

Adam W. Toraya, Albany, for appellant.
P. David Soares, District Attorney, Albany (Vincent Stark of counsel), for respondent.

Appeal from a judgment of the Supreme Court (Roger D. McDonough, J.), rendered February 9, 2018 in Albany County, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.
Defendant was indicted and charged with one count of criminal sale of a controlled substance in the third degree. In full satisfaction of that indictment and another uncharged crime, defendant agreed to plead guilty to the reduced charge of attempted criminal sale of a controlled substance in the third degree with the understanding that he would be sentenced, as a second felony offender, to a prison term of six years followed by three years of postrelease supervision. The plea agreement also required defendant to waive his right to appeal. Defendant pleaded guilty in conformity with the plea agreement, and Supreme Court thereafter imposed the agreed-upon sentence. This appeal ensued.
The People concede, and our review of the record confirms, that defendant's waiver of the right to appeal is invalid. Supreme Court failed to "adequately explain and elicit defendant's understanding of the nature and ramifications of the waiver" (People v Brewster, 194 AD3d 1266, 1267 [3d Dept 2021], lv denied 37 NY3d 970 [2021]), nor did the court "make clear to defendant that the appeal waiver was not a total bar to defendant taking an appeal" (People v Jackson, 206 AD3d 1244, 1245 [3d Dept 2022] [internal quotation marks and citation omitted], lv denied 38 NY3d 1151 [2022]). The written appeal waiver executed by defendant contained overbroad language and neither clarified nor supplemented Supreme Court's insufficient oral colloquy (see People v Ford, 210 AD3d 1142, 1142 [3d Dept 2022]; People v Jackson, 206 AD3d at 1245). Accordingly, defendant's challenge to the perceived severity of his sentence is not precluded (see People v Maddox, 208 AD3d 1535, 1536 [3d Dept 2022], lv denied 39 NY3d 963 [2022]). However, upon due consideration of all of the relevant factors and circumstances, we do not find the agreed-upon sentence imposed to be unduly harsh or severe (see CPL 470.15 [6] [b]). Accordingly, the judgment of conviction is affirmed.
Egan Jr., J.P., Clark, Ceresia, Fisher and McShan, JJ., concur.
ORDERED that the judgment is affirmed.