People v Graham (2023 NY Slip Op 01704)

People v Graham

2023 NY Slip Op 01704

Decided on March 30, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 30, 2023

110282 
[*1]The People of the State of New York, Respondent,
v
Kareem Graham, Also Known as Jamel, Appellant.

Calendar Date:February 22, 2023

Before:Garry, P.J., Egan Jr., Aarons, Reynolds Fitzgerald and Ceresia, JJ. 

Salvatore C. Adamo, Albany, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Garry, P.J.
Appeal from a judgment of the Supreme Court (Kathleen B. Hogan, J.), rendered January 16, 2018 in Schenectady County, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.
Defendant pleaded guilty to criminal sale of a controlled substance in the third degree in satisfaction of a four-count indictment that followed two controlled buys of crack cocaine. Pursuant to a plea agreement that included an oral and written waiver of appeal, defendant was sentenced, purportedly as a second felony offender, to a prison term of 4½ years, to be followed by three years of postrelease supervision. Defendant appeals.
We affirm. Defendant's contention that his plea was not knowing, voluntary and intelligent, in that it was the product of coercion, survives the appeal waiver but is not preserved for our review absent an appropriate postallocution motion, despite ample time in which to do so prior to sentencing (see People v Conceicao, 26 NY3d 375, 381-382 [2015]; People v Peque, 22 NY3d 168, 182-183 [2013], cert denied 574 US 840 [2014]; People v Favreau, 174 AD3d 1226, 1227 [3d Dept 2019], lv denied 34 NY3d 980 [2019]). Moreover, defendant made no remarks at any point that triggered the narrow exception to the preservation requirement (see People v Pastor, 28 NY3d 1089, 1090-1091 [2016]; People v Williams, 27 NY3d 212, 214 [2016]; People v Lopez, 71 NY2d 662, 665-666 [1988]). Were we to address these claims, we would find that they are not supported by the record, which reflects that the terms of the plea agreement, consequences of the guilty plea and potential predicate sentencing exposure were clearly outlined for defendant, who discussed them with defense counsel. Defendant indicated that he understood, accepted the terms and assured Supreme Court that he had not been pressured or coerced to accept the agreement. The court's advisement at the arraignment that defendant could potentially be sentenced as a persistent felon based upon his five prior felony convictions, for which the People clearly indicated they had not analyzed his eligibility, was not unduly coercive, and, contrary to defendant's claim, the record does not demonstrate that this was incorrect (see Penal Law § 70.10 [1] [a]). As such, we would find that the pressure to which defendant now contends he was subjected amounts to no more than "the type of situational coercion faced by many defendants who are offered a plea deal" (People v LaPierre, 189 AD3d 1813, 1815 [3d Dept 2020] [internal quotation marks and citations omitted], lv denied 36 NY3d 1098 [2021]; accord People v Agueda, 202 AD3d 1153, 1155 [3d Dept 2022], lv denied 38 NY3d 1031 [2022]).
Defendant's further claim that he received ineffective assistance of counsel, to the extent that it implicates the voluntariness of his plea, also survives the unchallenged waiver of appeal but is similarly unpreserved (see People v Agueda, 202 AD3d at 1154). Moreover, counsel secured [*2]a favorable plea deal that avoided potential consecutive sentencing for separate drug sales (see Penal Law § 70.25 [1] [b]; [2]; People v Huebsh, 199 AD3d 1174, 1176 [3d Dept 2021], lv denied 37 NY3d 1161 [2022]) and advocated for sentencing leniency based upon defendant's addiction, and "nothing in the record casts doubt upon the apparent effectiveness of counsel" (People v Fish, 208 AD3d 1546, 1549 [3d Dept 2022] [internal quotation marks and citations omitted]). Concerning counsel's failure to move to withdraw defendant's guilty plea, the record does not disclose that defendant wished to do so or counsel's advice in that regard, and, in any event, defendant failed to establish that counsel lacked a legitimate or strategic reason for foregoing such a motion (see People v Wright, 25 NY3d 769, 779 [2015]; People v Fish, 208 AD3d at 1549) or that such a motion had potential merit (see People v Caban, 5 NY3d 143, 152 [2005]; People v Maddox, 208 AD3d 1535, 1536 [3d Dept 2022], lv denied 39 NY3d 963 [2022]; People v LaPierre, 195 AD3d 1301, 1307 [3d Dept 2021]). To the extent that defendant also relies upon matters outside of the record, they are more appropriately addressed in a CPL article 440 motion (see People v Maddox, 208 AD3d at 1536). Defendant's challenge to the lawful sentence (see Penal Law § 70.70 [1] [b]; [3] [b] [i]; CPL 60.04 [1], [3]) as unduly harsh or severe is precluded by his unchallenged waiver of appeal (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Agueda, 202 AD3d at 1154).
Finally, although not raised by the parties, we note a discrepancy between the sentence imposed, which was a determinate sentence of 4½ years, and Penal Law § 70.06 (2), which requires that, "when the court has found . . . that a person is a second felony offender[,] the court must impose an indeterminate sentence of imprisonment." Supreme Court purported to sentence defendant as a second felony offender, rather than a second felony drug offender; under the latter circumstances, the determinate sentence imposed would be proper (see Penal Law § 70.70 [2] [a] [i]). The uniform sentence and commitment form contains the same error. Since the record reveals that defendant is a second felony drug offender, and the sentence is otherwise proper, the uniform sentence and commitment form must be amended accordingly (see People v Carrington, 194 AD3d 1253, 1255 [3d Dept 2021]; People v Scharborough, 189 AD3d 1964, 1967 [3d Dept 2020]).[FN1]
Egan Jr., Aarons, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the judgment is affirmed, and matter remitted for entry of an amended uniform sentence and commitment form.

Footnotes

Footnote 1: The record does not contain a certificate of conviction, which may contain the same error; Supreme Court should determine whether the certificate of conviction is erroneous and amend it if necessary.