■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOWARD BOBO, Appellant. [836 NYS2d 604]—

Order, Supreme Court, New York County (Roger S. Hayes, J.), entered on or about March 30, 2006, which denied defendant's CPL 440.10 motion to vacate a judgment, same court and Justice, rendered April 8, 2003, convicting defendant, upon his guilty plea, of attempted criminal possession of a weapon in the second degree, and imposing sentence, unanimously reversed, on the law, the motion granted, the plea of guilty vacated, and the matter remanded for further proceedings.

Defendant correctly states that he should be permitted to withdraw his plea because "[t]he record demonstrates that the defendant's plea was entered into upon the mistaken belief of the court and the parties that the Division of Parole possessed the discretion to run any undischarged sentence concurrently with the negotiated sentence imposed in this case, when, in fact, the terms are required to run consecutively" (*People v Smith*, 279 AD2d 487 [2001] [internal quotation marks omitted]). The fact that defendant was told that the Division of Parole *could* impose a consecutive sentence did not render the plea knowing. "At the time defendant pleaded guilty, [ ] he did not possess all the information necessary for an informed choice among different possible courses of action" and thus his plea was invalid (*People v Van Deusen*, 7 NY3d 744, 746 [2006]). Defendant entered the plea with the understanding, as well as the

hope, that he could receive concurrent sentences when, in fact, he could not. Accordingly, his plea was not knowingly entered (*see id.*; *see also People v Catu*, 4 NY3d 242 [2005]).

In view of the foregoing, we do not reach defendant's claim that his counsel was ineffective for misadvising him about the consequences of his guilty plea. Concur—Tom, J.P., Andrias, Buckley, Gonzalez and Malone, JJ.