# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**572**

**KA 10-01435**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DAVID W. NEWBOULD, DEFENDANT-APPELLANT.

---

M THOMAS SCOTT & ASSOCIATES, GRAND ISLAND (MARY THOMAS SCOTT OF COUNSEL), FOR DEFENDANT-APPELLANT.

JOSEPH V. CARDONE, DISTRICT ATTORNEY, ALBION (KATHERINE BOGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Orleans County Court (James P. Punch, J.), rendered May 17, 2010. The judgment convicted defendant, upon his plea of guilty, of grand larceny in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of grand larceny in the third degree (Penal Law § 155.35 [1]), defendant contends that the plea was involuntary because County Court failed to inform him that his sentence would be served consecutively to any previously imposed term of incarceration. By failing to move to withdraw the plea or to vacate the judgment of conviction, defendant failed to preserve that contention for our review (*see People v Tantao*, 41 AD3d 1274, *lv denied* 9 NY3d 882; *People v Aguayo*, 37 AD3d 1081, *lv denied* 8 NY3d 981). In any event, that contention is without merit because defendant failed to establish that he had an undischarged sentence to which the sentence imposed upon his grand larceny conviction would be served consecutively (*cf. People v Morbillo*, 56 AD3d 694, *lv denied* 12 NY3d 786, 788; *People v Bobo*, 41 AD3d 129, *lv denied* 9 NY3d 873).

Defendant further contends that defense counsel was ineffective because he failed to preserve for our review defendant's contention with respect to the voluntariness of the plea. " 'Deprivation of appellate review . . . does not per se establish ineffective assistance of counsel' . . . but, rather, a defendant must also show that his or her contention would be meritorious upon appellate review" (*People v Bassett*, 55 AD3d 1434, 1438, *lv denied* 11 NY3d 922). Here, defendant failed to make such a showing because his contention

regarding the voluntariness of the plea is without merit.