People v Salters (2020 NY Slip Op 05662)





People v Salters


2020 NY Slip Op 05662


Decided on October 9, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., NEMOYER, CURRAN, WINSLOW, AND BANNISTER, JJ.


863 KA 16-00425

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CLIFFORD L. SALTERS, JR., DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (BENJAMIN L. NELSON OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DEREK HARNSBERGER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Vincent M. Dinolfo, J.), rendered December 10, 2015. The judgment convicted defendant, upon a plea of guilty, of manslaughter in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of manslaughter in the first degree (Penal Law
§ 125.20 [1]), defendant contends that County Court erred in granting the People's motion for a pretrial protective order concerning the identity of certain prosecution witnesses. By pleading guilty, however, defendant forfeited that contention because "the forfeiture occasioned by a guilty plea extends to claims premised upon, inter alia, . . . motions relating to discovery," such as the People's motion for a protective order here (People v Gerber, 182 AD2d 252, 260 [2d Dept 1992], lv denied 80 NY2d 1026 [1992]; see People v Perry, 50 AD3d 1244, 1245 [3d Dept 2008], lv denied 10 NY3d 963 [2008]; People v Oliveri, 49 AD3d 1208, 1209 [4th Dept 2008]). Our ruling in People v Wilson (159 AD3d 1600, 1601 [4th Dept 2018]) is limited to alleged Brady violations and, given the absence of a Brady claim in this case, has no applicability here. Defendant's related argument that his guilty plea was coerced "because of the restrictions imposed by [the] protective order[] . . . is belied by the record, which reveals that [he] acknowledged under oath that nobody was forcing, threatening, or coercing him to plead guilty, and that he was entering the plea[]" in order to serve his best interests (People v Weston, 145 AD3d 746, 747 [2d Dept 2016], lv denied 29 NY3d 1088 [2017]).
Entered: October 9, 2020
Mark W. Bennett
Clerk of the Court