People v Buchanan (2021 NY Slip Op 03386)





People v Buchanan


2021 NY Slip Op 03386


Decided on May 27, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 27, 2021

Before: Manzanet-Daniels, J.P., Mazzarelli, Oing, Kennedy, JJ. 


Ind No. 3229/16 24/17 Appeal No. 13576-13576A Case No. 2018-1758 2020-03319 

[*1]The People of the State of New York, Respondent,
v
Timothy Buchanan, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Alexandra L. Mitter of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Stephen J. Kress of counsel), for respondent.



Judgment, Supreme Court, New York County (Ellen N. Biben, J. at plea; Melissa C. Jackson, J. at sentencing), rendered September 15, 2017, convicting defendant, upon his plea of guilty, of three counts of burglary in the second degree, and sentencing him, as a second violent felony offender, to concurrent terms of nine years; and order, same court (Biben, J.), entered on or about March 2, 2020, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously reversed, on the law, the pleas as to all counts vacated, and the matter remanded for further proceedings.
The sentencing risk that a defendant would avoid by pleading guilty is an essential consideration in determining whether or not to accept a plea deal. We have stated that "defendants must . . . be made aware of the sentencing parameters so that they may assess the propriety of entering a plea of guilty" (People v Johnson, 160 AD3d 516, 518 [1st Dept 2018]). "To that end, a defendant's receipt of inaccurate information regarding . . . possible sentencing exposure is clearly a factor which must be considered" (id.). Indeed, courts have frequently vacated pleas where defendants had been misinformed about their maximum sentencing exposure (see e.g. People v Keller, 168 AD3d 1098 [2d Dept 2019] [vacating plea where the defendant was erroneously informed that he could receive a maximum aggregate sentence of 3 to 5 years after trial when the maximum aggregate sentence was 2 to 4 years]; Johnson, 160 AD3d at 518 [vacating plea where court erroneously informed the defendant that she could receive up to 25 years in an adult facility and not 3 1/3 to 10 years in a juvenile facility]; People v Bobo, 41 AD3d 129 [1st Dept 2007] [vacating plea where the court and the parties were operating on a mistaken belief as to whether sentences imposed would run concurrently], lv denied 9 NY3d 873 [2007]).
Defendant was told that he faced the possibility of serving three 15-year sentences, to run consecutively, if he chose to proceed to trial, when at most he was facing 20 years because of the statutory cap (see Penal Law § 70.30[1][e][i]). Thus, he was weighing a 9-year plea offer against what he was told was a maximum of 45 years' imprisonment. Because defendant was not told about the capping statute, he did not have a "full understanding of what the plea connotes and of its consequences" (People v Harris, 61 NY2d 9, 19 [1983] [internal quotation marks omitted]).
This 25-year disparity between the true legal sentence and the sentence defendant was told he could receive was so significant alone as to render his plea involuntary (see Johnson, 160 AD3d at 518 ["Defendant's belief that she was avoiding a much greater risk than she actually was casts doubt on a finding that she had a clear understanding of her guilty plea"]). As defendant explained in his affidavit, submitted in support of his CPL 440.10 motion, the prospect of spending 45 years in prison—and dying there—factored into the 42-year-old's [*2]calculation of the relative pros and cons of accepting the plea (see People v Joseph, 191 AD3d 148, 150 [1st Dept 2020]).
This decision is consonant with our ruling in People v Joseph (191 AD3d 148), wherein we held that a plea was not knowingly and voluntarily entered where the sentencing court failed to inform the defendant that the capping statute limited the defendant's sentencing exposure to 20 years instead of 45 years as had been represented by the court (id.).
There is no basis for concluding that the evidence against defendant rendered the plea offer a reasonable deal. The strength of the alleged facts was never tested since defendant pleaded guilty before the suppression hearing was conducted.
People v Murray (175 AD3d 1191 [1st Dept 2019], lv denied 34 NY3d 1018 [2019]), a case relied upon by the People and cited in the motion court's decision denying defendant's CPL 440.10 motion, is distinguishable. There, the defendant contended that his plea was not voluntary because his counsel and the court misinformed him of his maximum exposure in prison by omitting that his sentence would have been capped at 50 years by operation of law (Penal Law § 70.30[1][e][vi]) if he prevailed on his emotional disturbance defense. However, the record in Murray revealed that the defendant would likely not succeed on his defense, without which he would not be subject to the capping statute. Accordingly, the fact that he was not made aware of the capping statute was inconsequential because, based on the evidence, the capping statute would not have applied. Conversely, the capping statute would have applied to defendant herein had he been sentenced to more than 20 years after trial.
Under the circumstances presented here, it is inescapable that defendant's plea was unknowing and involuntary and must be vacated (Joseph, 191 AD3d 148).
Defendant's claim is properly before this Court for review. He had no practical ability to raise this issue prior to sentencing because no one had explained the capping statute to him. He "can hardly be expected to move to withdraw his plea on a ground of which he has no knowledge" (Keller, 168 AD3d at 1099 [internal quotation marks omitted]). Further, defendant raised this claim in his motion to vacate his conviction pursuant to CPL 440.10, giving the court a chance to correct its error.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 27, 2021