People v Whitfield (2021 NY Slip Op 05402)





People v Whitfield


2021 NY Slip Op 05402


Decided on October 07, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 07, 2021

Before: Manzanet-Daniels, J.P., Mazzarelli, Moulton, González, Pitt, JJ. 


Ind No. 3405/15 Appeal No. 14322 Case No. 2018-4517 

[*1]The People of the State of New York, Respondent,
v
William Whitfield, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Emilia King-Musza of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Reva Grace Phillips of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Ralph Fabrizio, J.), rendered April 17, 2018, convicting defendant, upon his plea of guilty, of aggravated assault on a police officer or peace officer, and sentencing him, as a second violent felony offender, to a term of 11 years, unanimously affirmed.
We find that defendant's plea was knowingly, intelligently, and voluntarily entered, notwithstanding the court's misstatement, immediately before the plea was entered, that the maximum sentencing exposure was 30 years, when in fact it was 25 years. In general, misinformation about sentencing exposure may invalidate a guilty plea (see e.g. People v Buchanan, 194 AD3d 655 [1st Dept 2021], lv denied 37 NY3d 970 [2021]; People v Joseph, 191 AD3d 148 [1st Dept 2020], lv denied 36 NY3d 1121 [2021]; People v Johnson, 160 AD3d 516, 518 [1st Dept 2018]). Here, however, we find that the court's misstatement did not render the plea involuntary under the totality of the circumstances (see People v Garcia, 92 NY2d 869, 870 [1998]). In particular, the record demonstrates that defendant was ready to accept the plea before the court misspoke about the maximum sentence. We have considered and rejected defendant's remaining arguments regarding the validity of his plea.
Defendant made a valid waiver of his right to appeal (see People v Thomas, 34 NY3d 545 [2019], cert denied 589 US &mdash, 140 S Ct 2634 [2020]; People v Bryant, 28 NY3d 1094, 1096 [2016]), which forecloses review of his excessive sentence claim. Regardless of whether defendant made a valid waiver of his right to appeal, we perceive no basis for reducing the sentence.
Defendant was convicted before the enactment of CPL 420.35(2—a), which permits the waiver of surcharges and fees for persons who, like defendant, were less than 21 years old at the time of the crime. We decline to waive defendant's surcharge and fees in the interest of justice.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 7, 2021