People v Moore (2023 NY Slip Op 04238)

People v Moore

2023 NY Slip Op 04238

Decided on August 10, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:August 10, 2023

112536 
[*1]The People of the State of New York, Respondent,
v
Malcolm Moore, Appellant.

Calendar Date:June 23, 2023

Before:Egan Jr., J.P., Aarons, Pritzker, Ceresia and Fisher, JJ.

Sandra M. Colatosti, Albany, for appellant.
Letitia James, Attorney General, New York City (Hannah Stith Long of counsel), for respondent.

Appeal from a judgment of the County Court of Albany County (William A. Carter, J.), rendered March 1, 2019, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the second degree.
Defendant and his 12 codefendants were charged in an 84-count indictment with conspiracy in the second degree and various drug-related crimes. In full satisfaction of the four counts pertaining to him, defendant agreed to plead guilty to one count of criminal sale of a controlled substance in the second degree with the understanding that he would be sentenced to a prison term of no more than seven years followed by five years of postrelease supervision. The plea agreement also required defendant to waive his right to appeal. Defendant pleaded guilty in conformity with the plea agreement, and County Court sentenced defendant to a prison term of six years followed by five years of postrelease supervision. This appeal ensued.
The People concede — and our review of the record confirms — that defendant's waiver of the right to appeal is invalid. The written waiver of appeal executed by defendant contained overbroad language, and County Court's brief colloquy with defendant neither explained the nature and ramifications of the appeal waiver, cured the deficiences embodied in the written waiver nor otherwise conveyed to defendant that some appellate review survived (see People v Boyd, 206 AD3d 1350, 1351 [3d Dept 2022], lv denied 38 NY3d 1149 [2022]; People v Lilliard, 206 AD3d 1241, 1242 [3d Dept 2022]). Given the invalid appeal waiver, defendant's challenge to the severity of his sentence is not precluded (see People v Loya, 215 AD3d 1181, 1182 [3d Dept 2023], lv denied 40 NY3d 929 [2023]). However, upon reviewing the record and considering all of the relevant circumstances, including defendant's criminal history and the fact that the sentence imposed fell within both the agreed-upon range and the statutory parameters for a class A-II felony (see Penal Law §§ 70.71 [2] [b] [ii]; 220.41 [1]), we do not find such sentence to be unduly harsh or severe (see CPL 470.15 [6] [b]) and decline defendant's invitation to modify it in the interest of justice.
Egan Jr., J.P., Aarons, Pritzker, Ceresia and Fisher, JJ., concur.
ORDERED that the judgment is affirmed.