People v Van Alstyne (2023 NY Slip Op 05423)

People v Van Alstyne

2023 NY Slip Op 05423

Decided on October 26, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 26, 2023

110040 111752
[*1]The People of the State of New York, Respondent,
v
Jeffrey Van Alstyne, Appellant.

Calendar Date:October 10, 2023

Before:Garry, P.J., Pritzker, Reynolds Fitzgerald and Ceresia, JJ.

Lisa A. Burgess, Indian Lake, for appellant.
Paul Czajka, District Attorney, Hudson (James A. Carlucci of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeals (1) from a judgment of the County Court of Columbia County (Jonathan D. Nichols, J.), rendered November 3, 2017, convicting defendant upon his plea of guilty of the crime of assault in the second degree, and (2) by permission, from an order of said court, entered July 29, 2019, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
Defendant waived indictment and was charged in a superior court information with assault in the second degree and criminal mischief in the fourth degree. Pursuant to a negotiated disposition and in satisfaction of the two charges contained in the superior court information, defendant pleaded guilty to assault in the second degree and purported to waive his right to appeal. County Court thereafter sentenced defendant to seven years in prison to be followed by three years of postrelease supervision, and further ordered him to pay $53,035.50 in restitution. The court denied defendant's subsequent pro se CPL 440.10 motion to vacate the judgment of conviction. Defendant appeals from the judgment of conviction and, by permission, from the order denying his motion.
The People concede, and we agree, that defendant's waiver of the right to appeal is invalid, as County Court's explanation of the waiver "failed to make clear to defendant that the appeal waiver was not a total bar to defendant taking an appeal, and the written waiver was similarly overbroad and did not clarify or supplement the court's defective colloquy" (People v Jackson, 206 AD3d 1244, 1245 [3d Dept 2022] [internal quotation marks and citation omitted], lv denied 38 NY3d 1151 [2022]; see People v Miller, 215 AD3d 1141, 1142 [3d Dept 2023], lv denied 40 NY3d 930 [2023]; People v Howard, 213 AD3d 1027, 1028 [3d Dept 2023]). Turning to the merits, defendant contends that his plea was not knowing, intelligent and voluntary based upon certain statements that he made at sentencing that raised potential defenses. "A trial court should conduct a hearing or further inquiry when at plea-taking or upon sentencing it appears the defendant misapprehends the nature of the charges or the consequences of the plea" (People v Chin, 160 AD3d 1038, 1039 [3d Dept 2018] [internal quotation marks, brackets, emphasis and citations omitted]; see People v Miller, 162 AD3d 1231, 1232 [3d Dept 2018], lv denied 32 NY3d 939 [2018]). "[S]tatements made by a defendant that negate an element of the crime to which a plea has been entered, raise the possibility of a particular defense or otherwise suggest an involuntary plea require the trial court to then conduct a further inquiry or give the defendant an opportunity to withdraw the plea" (People v Skyers, 173 AD3d 1565, 1566 [3d Dept 2019] [internal quotations marks, brackets and citations omitted]; see People v Reese, 206 AD3d 1461, 1463 [3d Dept 2022]; People v Brassard, 166 AD3d 1312, 1313 [3d Dept 2018]).
At sentencing, defendant stated that he was "extremely remorseful and [*2]ashamed" for his actions in injuring the victim, but asserted that this occurred after he and the victim had consumed significant amounts of alcohol and the victim became "combative and physical . . . gouging my eyes and face with her fingernails, and then biting my lips, face and hands." In explanation of his statement, defendant stated that he had wanted "to present evidence and [the] sequence of events." Despite County Court's agreement with the People's voiced concerns that such statements raised the possibility of a defense, the court proceeded to sentence defendant without conducting a further inquiry and without providing him with an opportunity to withdraw his plea. Accordingly, under these circumstances, we reverse the judgment and vacate his guilty plea (see People v Skyers, 173 AD3d at 1566-1567; People v Chin, 160 AD3d at 1039-1040; People v Gresham, 151 AD3d 1175, 1178 [3d Dept 2017]). Defendant's remaining arguments on his appeal from the judgment of conviction, as well as his appeal from the order denying his CPL article 440 motion, have been rendered academic by our decision (see People v Brassard, 166 AD3d at 1314).
Garry, P.J., Pritzker and Ceresia, JJ., concur.
ORDERED that the judgment is reversed, on the law, plea vacated and matter remitted to the County Court of Columbia County for further proceedings not inconsistent with this Court's decision.
ORDERED that the appeal from the order is dismissed, as academic.