People v Hopkins (2023 NY Slip Op 06169)

People v Hopkins

2023 NY Slip Op 06169

Decided on November 30, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 30, 2023

112731
[*1]The People of the State of New York, Respondent,
v
David M. Hopkins, Appellant.

Calendar Date:November 9, 2023

Before:Garry, P.J., Egan Jr., Aarons, Powers and Mackey, JJ.

Marshall Nadan, Kingston, for appellant.
Michael A. Korchak, District Attorney, Binghamton (Peter J. Clines of counsel), for respondent.

Appeal from a judgment of the County Court of Broome County (William C. Pelella, J.), rendered October 20, 2020, convicting defendant upon his plea of guilty of the crime of burglary in the third degree.
In August 2015, defendant waived indictment and agreed to be prosecuted pursuant to a superior court information charging him with one count of burglary in the third degree — a crime committed while defendant was on probation for an earlier offense. Defendant pleaded guilty to the charged crime, admitted to violating the terms of his probation and entered into a contract for drug treatment court. If successful, the felony charge would be dismissed, and defendant would be restored to probation on his prior misdemeanor conviction; if unsuccessful, defendant would be sentenced as a second felony offender to a prison term of 4 to 7 years.
Over the course of the next five years, defendant repeatedly violated the terms of his treatment contract, and County Court, in turn, continued to afford defendant numerous opportunities to remain in treatment and avoid a prison sentence. Ultimately, in October 2020, County Court terminated defendant's participation in the drug treatment program and sentenced him as a second felony offender to a prison term of 3½ to 7 years. This appeal ensued.
We affirm. We agree with defendant that neither the terse written appeal waiver contained in defendant's drug treatment court contract nor County Court's brief oral colloquy in this regard was sufficient to demonstrate that defendant knowingly, intelligently and voluntarily waived his right to appeal (see People v March, 122 AD3d 1001, 1002 [3d Dept 2014]). Hence, defendant's challenge to the sentence imposed is not precluded (see People v Moore, 219 AD3d 1020, 1021 [3d Dept 2023], lv denied ___ NY3d ___ [Oct. 20, 2023]). That said, defendant was afforded numerous treatment opportunities over the course of five years; under these circumstances, we do not find the sentence imposed to be unduly harsh or severe (see CPL 470.15 [6] [b]), and we decline defendant's invitation to reduce it in the interest of justice.
Garry, P.J., Egan Jr., Aarons, Powers and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.