People v James (2024 NY Slip Op 05375)

People v James

2024 NY Slip Op 05375

Decided on October 31, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 31, 2024

113669
[*1]The People of the State of New York, Respondent,
v
Robert James, Also Known as Nikki, Appellant.

Calendar Date:September 9, 2024

Before:Clark, J.P., Pritzker, Ceresia, Fisher and Mackey, JJ.

Angela Kelley, East Greenbush, for appellant, and appellant pro se.
Emmanuel C. Nneji, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.

Fisher, J.
Appeals (1) from a judgment of the County Court of Ulster County (Bryan E. Rounds, J.), rendered February 9, 2022, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree, and (2) from a judgment of said court, rendered February 9, 2022, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.
In January 2021, in a joint indictment with Gilbert Thomas, defendant was charged with murder in the second degree, criminal possession of a weapon in the second degree, assault in the second degree and criminal facilitation in the second degree (hereinafter the first indictment), stemming from an incident when defendant carried a bag containing firearms to a residence; Thomas then used one of those firearms to shoot into the home, causing the death of a child and serious injuries to another child. In August 2021, defendant was charged by indictment with three counts of criminal sale of a controlled substance in the third degree (hereinafter the second indictment), stemming from his sale of cocaine on three separate occasions. Pursuant to a global plea agreement, defendant pleaded guilty to criminal possession of a weapon in the second degree in satisfaction of the first indictment, and one count of criminal sale of a controlled substance in the third degree in satisfaction of the second indictment. As part of the agreement, the People recommended concurrent prison terms with the longest at 13 years, to be followed by five years of postrelease supervision, and defendant purportedly waived his right to appeal both orally and in writing.
At sentencing, the People requested an enhancement based upon defendant's violation of the plea agreement by failing to truthfully answer questions during his probation interview. Although defendant originally requested a hearing, after speaking privately with his counsel, defendant conceded the violation and waived a hearing on the matter. Based on defendant's admission and the People's new recommendation, County Court sentenced defendant, as a second felony offender, to an aggregate prison term of 20 years, to be followed by five years of postrelease supervision. Defendant appeals.
Initially, as the People concede and our review of the record confirms, the appeal waivers are invalid given the overly broad language used by County Court and in the written appeal waivers, and County Court's oral colloquy was insufficient to overcome such deficiencies to establish that defendant understood that certain appellate review survived the waivers (see People v Kuhn, 221 AD3d 1182, 1183 [3d Dept 2023], lv denied 41 NY3d 1019 [2024]; People v Van Alstyne, 220 AD3d 1105, 1106 [3d Dept 2023]). As a result of the invalid appeal waivers, defendant's challenge to the severity of the sentence imposed is not precluded (see People v Hopkins, 221 AD3d 1350, 1351 [3d Dept 2023]).
Turning to the merits of his appeal, defendant [*2]contends that County Court erred in imposing an enhanced sentence because his waiver of the Outley hearing was invalid. We disagree. Such claim is unpreserved because defendant did not object to the enhanced sentence or move to withdraw his guilty plea (see People v Chrise, 197 AD3d 1357, 1358 [3d Dept 2021], lv denied 37 NY3d 1059 [2021]), and, nevertheless, such claim is without merit given that County Court had properly informed defendant of the specific conditions that he had to abide by or risk such enhancement, and defendant accepted and acknowledged that he understood such conditions at the time of his plea (see People v Maclean, 226 AD3d 1178, 1181 [3d Dept 2024], lv denied 41 NY3d 1019 [2024]; People v Larock, 211 AD3d 1234, 1236 [3d Dept 2022]). To the extent that defendant further contends that he was denied the effective assistance of counsel relating to this contention and on other grounds, such challenge is similarly unpreserved as defendant did not make an appropriate postallocution motion, and the narrow exception to the preservation requirement is inapplicable (see People v Herring, 224 AD3d 1042, 1043 [3d Dept 2024], lv denied 41 NY3d 983 [2024]; People v Clark, 209 AD3d 1063, 1064 [3d Dept 2022], lv denied 39 NY3d 1140 [2023]).
Defendant also challenges his sentence as illegal and unduly harsh or severe. Relating to legality, defendant's contention that County Court wrongfully determined that he was a second felony offender is unpreserved given his failure to object at sentencing (see People v Hummel, 127 AD3d 1506, 1507 [3d Dept 2015], lv denied 25 NY3d 1202 [2015]), and is otherwise without merit as defendant pleaded guilty with the understanding that he would be sentenced as a second felony offender (see People v Pittman, 157 AD3d 1130, 1131 [3d Dept 2018], lv denied 31 NY3d 1085 [2018]). Defendant's further contention that his sentence is illegal because he should have received an indeterminate sentence is also without merit, as a determinate sentence was required by statute (see Penal Law §§ 70.06 [6]; 70.70 [3] [b] [ii]). Lastly, we are unpersuaded that the sentence is harsh or severe given the instant offenses, notably the fact that a young child was killed and another seriously injured. Although defendant remained remorseful and apologized to the family, he has an extensive criminal history undeterred by periods of incarceration and probation; he had been on probation three times and violated it twice. Under these circumstances, we do not find that the enhanced sentence is harsh or severe (see CPL 470.15 [6] [b]; People v Jenne, 224 AD3d 953, 958-959 [3d Dept 2024], lv denied 42 NY3d 927 [2024]; People v Elston, 217 AD3d 1274, 1275 [3d Dept 2023]), and we decline defendant's invitation to modify his sentence in the interest of justice (see CPL 470.15 [3] [c]). We have examined defendant's remaining contentions and have found them to be without merit or rendered academic.
Clark, J.P., Pritzker, Ceresia and Mackey, JJ., [*3]concur.
ORDERED that the judgments are affirmed.