People v Shaw (2025 NY Slip Op 03358)

People v Shaw

2025 NY Slip Op 03358

Decided on June 5, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 5, 2025

112061 CR-24-0613
[*1]The People of the State of New York, Respondent,
v
Antoine J. Shaw, Appellant.

Calendar Date:April 21, 2025

Before:Egan Jr., J.P., Reynolds Fitzgerald, Fisher, Powers and Mackey, JJ.

Rural Law Center of New York, Inc., Plattsburgh (Keith F. Schockmel of counsel), for appellant.
Jason M. Carusone, District Attorney, Lake George (Morgan Cosentino of counsel), for respondent.

Egan Jr., J.P.
Appeals (1) from a judgment of the County Court of Warren County (John Hall Jr., J.), rendered August 21, 2019, convicting defendant upon his plea of guilty of the crimes of criminal sale of a controlled substance in the third degree (three counts), criminal possession of a controlled substance in the third degree (four counts), criminally using drug paraphernalia in the second degree (two counts) and endangering the welfare of a child, and (2) by permission, from an order of said court (Kelly McKeighan, J.), entered April 19, 2023, which denied defendant's motion pursuant to CPL 440.10 and 440.20 to vacate the judgment of conviction and to set aside the sentence, without a hearing.
In January 2019, investigators looking into allegations that defendant was selling narcotics in the Town of Queensbury, Warren County arranged for three controlled buys of narcotics from him. A search warrant was obtained for defendant's hotel room and, as investigators were outside preparing to execute it, they saw an arm emerge from the room's bathroom window and toss a bag outside that proved to contain cocaine and heroin. Investigators then entered the room and found defendant, a child in his care, and a digital scale with what appeared to be cocaine residue as well as sandwich bags commonly used for packaging narcotics for sale. Defendant was placed under arrest.
On January 25, 2019, defendant was charged in an indictment with three counts of criminal sale of a controlled substance in the third degree, four counts of criminal possession of a controlled substance in the third degree, two counts of criminally using drug paraphernalia in the second degree and one count of endangering the welfare of a child. As the matter proceeded through pretrial discovery and motion practice, defendant declined several opportunities to either enter into a plea agreement or plead guilty to the indictment in return for a sentencing commitment by County Court. The matter then went to trial and, on the second day of jury selection, defendant agreed to plead guilty to the indictment with the understanding that County Court would impose sentences on the various convictions that would amount to between 14 and 16 years in prison. Defendant pleaded guilty to 9 of the 10 charges and entered an Alford plea to endangering the welfare of a child, and further acknowledged that he was a second felony offender. Thereafter, County Court imposed a variety of concurrent and consecutive sentences that amounted to 15 years in prison, to be followed by three years of postrelease supervision. Defendant appeals from the judgment of conviction and sentence and, by permission, from the order denying his subsequent CPL article 440 motion.
Defendant first argues that his plea was not knowing, voluntary and intelligent because of various misstatements as to his sentencing exposure by County Court. Among other things, County Court advised him that, if he elected to proceed to trial and was convicted of all offenses [*2]as a second felony drug offender, he faced a sentencing exposure of 36 years in prison rather than the correct, capped term of 30 years (compare Penal Law § 70.30 [1] [e] [i], with Penal Law §§ 70.25, 70.70 [3] [b] [i]). Defendant did not preserve this argument by raising it in an appropriate postallocution motion, including his CPL article 440 motion (see People v Lopez, 71 NY2d 662, 665 [1998]; People v Williams, 123 AD3d 1376, 1377 [3d Dept 2014]). Nevertheless, as the Court of Appeals recently made clear, where "the court provides the defendant with erroneous information concerning their maximum sentencing exposure that is contrary to the undisputed text of the Penal Law, fails to correct its error on the record, and the defendant has no apparent reason to question the accuracy of that information, the defendant need not preserve a challenge to the voluntariness of the guilty plea on that ground" (People v Scott, ___ NY3d ___, ___, 2025 NY Slip Op 01562, *3 [2025]).[FN1] County Court here repeatedly, and erroneously, told defendant — not only when he elected to plead guilty to the indictment, but also on prior occasions where he rejected plea offers or was considering pleading guilty to the indictment — that he faced at least 36 years in prison if convicted of all counts. Indeed, County Court suggested during the plea colloquy that there were "some issues as to whether some of the other charges could be consecutive" and that defendant might serve even more than 36 years in prison if he were convicted of all charges after trial.[FN2] The People and defense counsel never questioned County Court's assessment of defendant's sentencing exposure, and defendant "could not be expected to" do so on his own (People v Scott, ___ NY3d at ___, 2025 NY Slip Op 01562, *3). This case accordingly falls squarely under the exception to the preservation rule as articulated by Scott and, to the extent that our prior cases like People v Payson (189 AD3d 1820, 1820-1822 [3d Dept 2020], lv denied 36 NY3d 1099 [2021]) hold otherwise, they should no longer be followed.
As for the merits of defendant's argument, "[w]hether a plea is knowing, voluntary, and intelligent depends on the totality of the circumstances," involving an assessment of factors that go beyond any inaccurate statement of a defendant's sentencing exposure to include " 'the nature and terms of the agreement, the reasonableness of the bargain, and the age and experience of the accused' " (People v Scott, ___ NY3d at ___, 2025 NY Slip Op 01562, *5-6, quoting People v Hidalgo, 91 NY2d 733, 736 [1998]). Although defendant here was no stranger to the criminal justice system and received a reasonable sentencing commitment from County Court, the plea colloquy itself reflects that defendant believed that he had been overcharged and questioned whether he would be convicted if he went to trial. Defendant made clear during the plea colloquy, in fact, that he was only pleading guilty to the indictment because he would rather[*3]"get the high/low of 16/14" than go to trial and risk "more time in state prison." Even then, defendant remained conflicted about pleading guilty until the moment he entered his formal plea, asking County Court immediately before he did so to repeat the potential sentencing exposure he faced if he did not "want to go through all of this and [went] to trial." The totality of the circumstances in this case therefore reflect that defendant's sentencing exposure played a decisive role in his decision to plead guilty and that his erroneous understanding that he faced at least 36 years in prison — and maybe even more — if he was convicted as charged after trial had an "impact on [his] judgment" significant enough to render his guilty plea not knowing, voluntary and intelligent (id. at ___, 2025 NY Slip Op 01562, *6; see People v Buchanan, 194 AD3d 655, 655-656 [1st Dept 2021], lv denied 37 NY3d 970 [2021]; cf. People v Garcia, 92 NY2d 869, 870-871 [1998]; People v Wheeler, 128 AD3d 1177, 1178 [3d Dept 2015]). Under these circumstances, the plea was invalid and the judgment must be reversed (see e.g. People v Mudd, 169 AD3d 1166, 1167 [3d Dept 2019]).
The remaining arguments advanced by defendant "on his appeal from the judgment of conviction, as well as his appeal from the order denying his CPL article 440 motion, have been rendered academic by our decision" (People v Van Alstyne, 220 AD3d 1105, 1107 [3d Dept 2023]).
Reynolds Fitzgerald, Fisher, Powers and Mackey, JJ., concur.
ORDERED that the judgment is reversed, on the law, and matter remitted to the County Court of Warren County for further proceedings not inconsistent with this Court's decision.
ORDERED that the appeal from the order is dismissed, as academic.

Footnotes

Footnote 1: Defendant also argues that County Court incorrectly advised him that he could be adjudicated a persistent felony offender and face an indeterminate sentence with a maximum of life in prison but, unlike the Fourth Department, neither this Court nor the Court of Appeals has held that an individual in defendant's position could not be treated as a persistent felony offender (compare People v Boykins, 161 AD3d 183, 186-188 [4th Dept 2018], lv denied 31 NY3d 1145 [2018]). It is far from clear to us that County Court's assessment was "contrary to the undisputed text of the Penal Law" so as to bring defendant's argument within the exception to the preservation requirement (People v Scott, ___ NY3d at ___, 2025 NY Slip Op 01562, *3 [2025]), given the "fact-specific aspects of sentencing related to predicate status" and the "open legal questions about ambiguous statutory language" it involves (id. at ___, 2025 NY Slip Op 01562, *4). We will not, as a result, address that argument in the absence of an appropriate postallocution motion (see People v Maxon, 225 AD3d 1132, 1132 [4th Dept 2024], lv denied 41 NY3d 1003 [2024]; People v Smith, 162 AD3d 1597, 1597 [4th Dept 2018], lv denied 32 NY3d 941 [2018]).
Footnote 2: In that regard, it is notable that the People reiterate on appeal that the felonies at issue here were committed on four separate dates and that, in their view, County Court understated defendant's sentencing exposure.