People v Robles (2025 NY Slip Op 06221)

People v Robles

2025 NY Slip Op 06221

Decided on November 13, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 13, 2025

113050
[*1]The People of the State of New York, Respondent,
v
Takeam Robles, Appellant.

Calendar Date:October 8, 2025

Before:Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and McShan, JJ.

Nicholas E. Tishler, East Chatham, for appellant.
Lee C. Kindlon, District Attorney, Albany (Caroline McCaffrey of counsel), for respondent.

Clark, J.P.
Appeal from a judgment of the Supreme Court (Roger McDonough, J.), rendered February 26, 2021 in Albany County, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fourth degree.
In September 2020, defendant was charged in a two-count indictment with criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree. The charges alleged that defendant possessed a quantity of cocaine with the intent to sell it. After defendant twice failed to appear to provide a response to the People's plea offer, Supreme Court issued a bench warrant for defendant's arrest. The following day, defendant voluntarily appeared with counsel, at which time the court vacated the warrant, relayed that the People had made a plea offer and stated that "[i]f, in fact, . . . defendant is of a mind to avail himself to the People's plea offer, . . . there[ is] no need to discuss bail in the context of the return of the warrant. We[ will] discuss it in terms of . . . defendant having pled guilty. If . . . defendant does[ not] wish to avail himself of that, we [will] discuss bail in the context of the pending case." The court then informed defendant that the People were offering him the opportunity to plead guilty to the second count of the indictment charging him with criminal possession of a controlled substance in the fourth degree with the understanding that, among other things, they would recommend a sentence of four years of incarceration and that defendant would waive his right to appeal and pay a mandatory surcharge. Defendant indicated that "he would avail himself of the plea offer" if the court waived the mandatory surcharge. After denying defendant's request in that regard, defendant, pursuant to the negotiated disposition, pleaded guilty to criminal possession of a controlled substance in the fourth degree and waived his right to appeal both orally and in writing. Thereafter, the court, consistent with the terms of the plea agreement, sentenced defendant, as a second felony offender, to a prison term of four years, to be followed by two years of postrelease supervision. Defendant appeals.
Defendant contends that his plea was involuntary because of an alleged
"coercive[ ]" and "threatening" atmosphere created by Supreme Court twice referencing possible consequences of not accepting the plea offer made by the People given defendant's return on the arrest warrant. Although this claim implicating the voluntariness of his guilty plea survives the unchallenged appeal waiver (see People v Quarterman, 238 AD3d 1385, 1386 [3d Dept 2025]; People v Lunt, 232 AD3d 1054, 1055 [3d Dept 2024], lv denied 43 NY3d 1010 [2025]; People v Graham, 230 AD3d 1476, 1477 [3d Dept 2024]), it is unpreserved for our review in the absence of an appropriate postallocution motion, which defendant had ample opportunity to make (see CPL 220.60 [3]; People v Arlt, 219 AD3d [*2]986, 988-989 [3d Dept 2023], lv denied 40 NY3d 996 [2023]; People v Morgan, 114 AD3d 995, 996 [3d Dept 2014], lv denied 23 NY3d 1040 [2014]). Further, the narrow exception to the preservation requirement was not implicated here, as defendant made no statements during the plea allocution or at sentencing "that negated an element of the charged crime, were inconsistent with his guilt or otherwise called into question the voluntariness of his plea" (People v Lomack, 217 AD3d 1281, 1282 [3d Dept 2023], lv denied 40 NY3d 951 [2023]; see People v Penk, 220 AD3d 990, 991 [3d Dept 2023]).
In any event, were defendant's claim properly before us, we would find that, under the circumstances of this case, any pressure defendant felt upon surrendering himself on a warrant and being informed of his options, which included Supreme Court's denial of his request to waive legally mandated surcharges and potential consideration of his bail status if he were to reject the People's plea offer, "amount[ed] to no more than the type of situational coercion faced by many defendants who are offered a plea deal" (People v Agueda, 202 AD3d 1153, 1155 [3d Dept 2022] [internal quotation marks and citations omitted], lv denied 38 NY3d 1031 [2022]; see People v Arlt, 219 AD3d at 989; People v LaPierre, 189 AD3d 1813, 1815 [3d Dept 2020], lv denied 36 NY3d 1098 [2021]; see also People v Graham, 214 AD3d 1256, 1257 [3d Dept 2023], lv denied 40 NY3d 934 [2023]; compare People v White, 32 NY2d 393, 399 [1973]; People v Grant, 61 AD3d 177, 183 [2d Dept 2009]). Unlike the situation in People v Grant, this record does not support the conclusion that Supreme Court was using "a threatened change in bail status
. . . as a bargaining chip to persuade . . . defendant to plead guilty" (People v Grant, 61 AD3d at 184 [internal quotation marks omitted]), or that defendant was, in fact, persuaded to plead guilty due to the court's statements. Rather, the record demonstrates that defendant made a "choice among alternative courses of action," which did not render his plea involuntary (People v Conceicao, 26 NY3d 375, 384 [2015]).
Aarons, Pritzker, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the judgment is affirmed.