People v Kadar (2025 NY Slip Op 07348)

People v Kadar

2025 NY Slip Op 07348

Decided on December 31, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 31, 2025

113107 CR-23-2302
[*1]The People of the State of New York, Respondent,
vBudhnarain Kadar, Also Known as Danny, Appellant.

Calendar Date:November 17, 2025

Before:Garry, P.J., Clark, Aarons, McShan and Mackey, JJ.

Eric M. Galarneau, Albany, for appellant, and appellant pro se.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Clark, J.
Appeals (1) from a judgment of the Supreme Court (Kathleen Hogan, J.), rendered November 5, 2020 in Schenectady County, convicting defendant upon his plea of guilty of the crimes of murder in the second degree and tampering with physical evidence, and (2) by permission, from an order of the County Court of Schenectady County (Matthew Sypniewski, J.), entered October 31, 2023, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
In November 2019, defendant was charged by indictment with murder in the second degree and tampering with physical evidence. The murder charge stemmed from allegations that defendant caused the death of his girlfriend (hereinafter the victim) by strangling her. In September 2020, after providing defendant with a plethora of required discovery material (see CPL 245.20), the People filed a motion for a protective order under CPL 245.70 seeking authorization to withhold additional material "related to the names, addresses, statements, [g]rand [j]ury minutes, and criminal convictions" of two individuals who had provided relevant information to the District Attorney's office in connection with the charges.
At a court appearance one week later — while the People's motion for a protective order was still pending — the People placed on the record a plea offer which would enable defendant to plead guilty to the murder charge in satisfaction of the indictment, with a recommended prison sentence of 20 years to life. Defendant would also be required to waive his right to appeal under the People's offer. Supreme Court (Hogan, J.), however, offered defendant a deal under which he could plead guilty to both counts of the indictment, retain his right to appeal, and be sentenced to a prison term of 19 years to life on the murder conviction, with a lesser concurrent prison sentence on the tampering conviction. Before defendant accepted either offer, Supreme Court inquired whether defense counsel had "received all of the discovery in this case" and whether he had spoken with defendant in that regard. Defense counsel answered in the affirmative. The court then asked whether defense counsel had received a copy of the People's motion for a protective order. Defense counsel revealed that he had been out of the office and did not know whether the motion papers had been received, but that the prosecutor had "briefed [him] on the content and the form of the protective order" and that he "had no objection going forward" with the plea. After confirming that defendant had been able to "hear and understand everything" and was given sufficient time to confer with counsel about "all of the discovery that was provided to [him]," defendant pleaded guilty to both counts in the indictment, assuring Supreme Court, as relevant here, that he had intentionally caused the victim's death.[FN1] Defendant appeared with counsel for sentencing in November 2020. In accordance with the plea agreement, Supreme Court [*2]sentenced defendant to a prison term of 19 years to life on the murder conviction, with a lesser concurrent term of incarceration on the conviction for tampering with physical evidence. Defendant was also ordered to pay $6,000 in restitution.[FN2] Defendant subsequently filed a pro semotion to vacate the judgment of conviction under CPL 440.10 on the basis of ineffective assistance of counsel. County Court (Sypniewski, J.) denied defendant's motion without a hearing. Defendant appeals from the judgment of conviction and, by permission, the denial of his CPL article 440 motion.[FN3]
In his pro se supplemental brief on appeal, defendant seeks to vacate his plea on the ground that it was not knowing, voluntary and intelligent. Any record-based claims in this regard are unpreserved for appellate review insofar as defendant did not file a postallocution motion to withdraw the plea prior to sentencing despite an adequate opportunity to do so (see CPL 220.60 [3]; People v Morales, 119 AD3d 1082, 1084 n [3d Dept 2014], lv denied 24 NY3d 1086 [2014]). Although defendant contends otherwise, we conclude that the narrow exception to the preservation rule was not triggered in this case. In that regard, an exception to the preservation rule applies "[i]n that rare case . . . where the defendant's recitation of the facts underlying the crime pleaded to clearly casts significant doubt upon the defendant's guilt, [negates an essential element of the crime] or otherwise calls into question the voluntariness of the plea" (People v Lopez, 71 NY2d 662, 666 [1988]; see People v Tyrell, 22 NY3d 359, 364 [2013]; People v Worden, 22 NY3d 982, 984 [2013]; People v Moses, 236 AD3d 1201, 1203 [3d Dept 2025]). This exception applies to statements made during the plea allocution or at sentencing and, when triggered, imposes a duty on the trial court "to inquire further to ensure that [the] defendant's guilty plea [was] knowing and voluntary" (People v Lopez, 71 NY2d at 666; see People v McKennion, 27 NY2d 671, 672-673 [1970]; People v Beasley, 25 NY2d 483, 488 [1969]; People v Robles, ___ AD3d ___, ___, 2025 NY Slip Op 06221, *1 [3d Dept, Nov. 13, 2025]; People v Lomack, 217 AD3d 1281, 1282 [3d Dept 2023], lv denied 40 NY3d 951 [2023]), or to "give [the] defendant an opportunity to withdraw the plea" (People v Reese, 206 AD3d 1461, 1463 [3d Dept 2022] [internal quotation marks, ellipsis and citations omitted]; see People v Van Alstyne, 220 AD3d 1105, 1107 [3d Dept 2023]).
During sentencing, the victim's sister, her ex-husband and her daughter provided victim impact statements detailing the manner in which the victim's death affected their lives. Thereafter, Supreme Court provided defendant with the opportunity to make a statement prior to imposing sentence and he responded that he wanted "to apologize to the victim's family," expressing that he was "deeply sorry for causing the death of [the victim], an innocent life." Defendant further articulated that he "did[ not] mean to do this[*3]. It was a terrible mistake," and that he "wish[ed he] could turn back time and none of this would have happened," emphasizing that he "[goes] to bed with regret and . . . wake[s] up with regret." In response, Supreme Court rejected the notion that defendant did not mean to cause the victim's death, highlighting that she had died by strangulation, which signified an intentional homicide. The court then imposed sentence accordingly. When considered in context and read in their entirety, we conclude that, rather than negating the intent element of the crime or casting significant doubt on defendant's guilt, defendant's statements constituted declarations of remorse that did not trigger the narrow exception to the preservation rule, impose upon the court a duty to inquire further or require the court to provide defendant with an opportunity to withdraw his plea (see People v Sims, 207 AD3d 882, 884 [3d Dept 2022], affd 41 NY3d 995 [2024]; People v Matos, 27 AD3d 485, 486 [2d Dept 2006]; compare People v Reese, 206 AD3d at 1463; People v Skyers, 173 AD3d 1565, 1566 [3d Dept 2019]).
Next, defendant argues that Supreme Court improperly accepted his plea without ensuring that the People had satisfied their disclosure obligations under CPL 245.25. This argument is unavailing, as the disclosure requirements of CPL 245.25 (2) apply "where the prosecution has made a guilty plea offer" (emphasis added). Here, however, the plea offer accepted by defendant was made by Supreme Court. Furthermore, defendant was aware by the time of the plea allocution that the People had moved for a protective order to enable them to withhold certain outstanding discovery material and decided to plead guilty despite such awareness, assuring the court during the plea allocution that he had sufficient time to confer with counsel regarding the discovery provided in this case. The record also confirms that the People substantially complied with their disclosure obligations before defendant pleaded guilty. In these circumstances, we cannot conclude that the alleged discovery violations, if any, impacted defendant's decision to plead guilty (see People v Hewitt, 201 AD3d 1041, 1043-1044 [3d Dept 2022], lv denied 38 NY3d 928 [2022]; People v Pizarro, 185 AD3d 1092, 1094 [3d Dept 2020]; see also People v Fisher, 28 NY3d 717, 722 [2017]).[FN4] Accordingly, defendant's claim of alleged discovery violations is forfeited by his guilty plea (see People v Maclean, 226 AD3d 1178, 1180 [3d Dept 2024], lv denied 41 NY3d 1019 [2024]; People v Peterson, 225 AD3d 1098, 1099 [3d Dept 2024]; People v Salters, 187 AD3d 1677, 1677 [4th Dept 2020], lv denied 36 NY3d 975 [2020]).
Additionally, after reviewing the presentence report and considering all relevant circumstances, we do not find the bargained-for sentence of 19 years to life in prison, which is to run concurrently with a lesser term of incarceration on the tampering conviction, to be unduly harsh and severe (see CPL 470.15 [6] [b]). We therefore [*4]decline defendant's request to reduce the sentence in the interest of justice. Defendant's related argument, set forth in his pro se supplemental brief, that he is entitled to the return of the $6,000 paid to the Office of Victim Services to reimburse the state for the victim's funeral expenses, is also unavailing (see Penal Law § 60.27 [1], [4] [b]; Executive Law § 621 [6]; People v Burkett, 101 AD3d 1468, 1473 [3d Dept 2012], lv denied 20 NY3d 1096 [2013]).
Turning to the appeal from the denial of defendant's CPL 440.10 motion, he argues that County Court (Sypniewski, J.) erred in summarily denying his motion because there are outstanding questions of fact on his ineffective assistance of counsel claims entitling him to a hearing. "Although a hearing on a CPL 440.10 motion is not always necessary, a hearing is required where the defendant bases the motion upon nonrecord facts that are material and, if established, would entitle the defendant to relief" (People v Monteiro, 149 AD3d 1155, 1156 [3d Dept 2017] [citations omitted]; accord People v Byrd, 174 AD3d 1133, 1134 [3d Dept 2019], lv denied 34 NY3d 979 [2019]). "[A] court may deny a vacatur motion without a hearing if it is based on the defendant's self-serving claims that are contradicted by the record or unsupported by any other evidence" (People v Marte-Feliz, 192 AD3d 1397, 1398 [3d Dept 2021] [internal quotation marks and citation omitted]; see CPL 440.30 [4]; People v Podeswa, 205 AD3d 1139, 1141 [3d Dept 2022], lv denied 38 NY3d 1135 [2022]).
On appeal, defendant argues that his counsel was ineffective in several respects, including by failing to: (1) provide him with relevant discovery material before he pleaded guilty; (2) investigate and pursue a potential intoxication defense; (3) move to withdraw defendant's plea after he made statements during the sentencing hearing that he claims negated the intent element of the murder charge; (4) object to the indictment on sufficiency grounds or to request a bill of particulars; and (5) inquire about or challenge the signature of the grand jury foreperson on the indictment. With the exception of the first two arguments, defendant's remaining ineffective assistance of counsel claims are unpreserved for our review, as he did not raise them in his CPL article 440 motion (see CPL 440.30 [4]; People v Phelps, 236 AD3d 1194, 1195 n [3d Dept 2025]; People v Sparks, 160 AD3d 1279, 1280 [3d Dept 2018], lv denied 32 NY3d 1115 [2018]). Moreover, County Court properly concluded that the ineffective assistance of counsel claim premised upon counsel's alleged failure to provide defendant with relevant discovery material was not supported by competent evidence and tended to be contradicted by the record (see CPL 440.10 [3] [a]; 440.30 [4] [b]). Defendant's allegation that counsel failed to investigate and pursue a potential intoxication defense is also not supported by sufficient evidence to suggest that such a defense would have been viable (see People v [*5]Guynup, 159 AD3d 1223, 1226 [3d Dept 2018], lv denied 31 NY3d 1082 [2018]; People v Leiva, 59 AD3d 161, 162 [1st Dept 2009], lv denied 12 NY3d 818 [2009]; People v Robetoy, 48 AD3d 881, 882 [3d Dept 2008]). To the extent defendant raises additional ineffective assistance of counsel claims that were the subject of his CPL article 440 motion, we have considered his arguments and conclude that County Court properly denied his motion without conducting a hearing. The record confirms that defendant "receive[d] an advantageous plea [deal] and nothing . . . casts doubt on the apparent effectiveness of counsel" (People v Guynup, 159 AD3d at 1225 [internal quotation marks and citations omitted]; accord People v Gonyea, 211 AD3d 1102, 1104 [3d Dept 2022], lv denied 39 NY3d 1110 [2023]).
Garry, P.J., Aarons, McShan and Mackey, JJ., concur.
ORDERED that the judgment and the order are affirmed.

Footnotes

Footnote 1: Defendant did not execute an appeal waiver.

Footnote 2: During sentencing, defense counsel confirmed that defendant had already paid $6,000 to the Office of Victim Services to reimburse the state for the victim's funeral expenses. The People confirmed receipt of such payment.

Footnote 3: In August 2022, defendant moved for resentencing under the Domestic Violence Survivor's Justice Act (see Penal Law § 60.12; CPL 440.47). County Court (Caruso, J.) denied the motion on the ground that defendant was serving a sentence for a crime committed after the effective date of the statute, rendering him ineligible for resentencing thereunder (see CPL 440.47 [1] [a]). Defendant appealed that decision and order to this Court, but subsequently withdrew his appeal.

Footnote 4: We are unpersuaded by defendant's argument that Supreme Court could not rely on defense counsel's representation that defendant wished to go forward with the plea while the People's motion for a protective order remained pending and should have, instead, confirmed this with defendant himself (see e.g. People v Hewitt, 201 AD3d at 1043). Defendant was present when the motion for a protective order was discussed, assured Supreme Court that he was able to hear and understand everything, and confirmed that he had been given a sufficient amount of time to confer with counsel regarding the discovery that had been provided to him. He subsequently pleaded guilty without objecting to the protective order, thereby impliedly consenting to it.