People v Ramos (2026 NY Slip Op 00430)

People v Ramos

2026 NY Slip Op 00430

Decided on January 29, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 29, 2026

Before: Scarpulla, J.P., Kapnick, González, Shulman, O'Neill Levy, JJ. 

Ind No. 880/20|Appeal No. 5703-5703A|Case No. 2022-01775 2025-01733|

[*1]The People of the State of New York, Respondent,
vBernardo Ramos, Defendant-Appellant. 

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Jane Merrill of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Alex King of counsel), for respondent.

Judgment, Supreme Court, New York County (Felicia A. Mennin, J.), rendered April 19, 2022, convicting defendant, upon his plea of guilty, of two counts of attempted rape in the first degree, and sentencing him to consecutive prison terms of 10 years and 12½ years, unanimously reversed, on the law, the pleas as to both counts vacated, and the matter remanded for further proceedings. Appeal from order, same court and Justice, entered on or about March 25, 2025, which denied defendant's CPL 440.10(1)(h) motion to vacate the judgment of conviction, unanimously dismissed, as academic.
This Court has observed that "[t]he sentencing risk that a defendant would avoid by pleading guilty is an essential consideration in determining whether or not to accept a plea deal [and has stated] that 'defendants must . . . be made aware of the sentencing parameters so that they may assess the propriety of entering a plea of guilty' " (People v Buchanan, 194 AD3d 655, 655 [1st Dept 2021], lv denied 37 NY3d 970 [2021], quoting People v Johnson, 160 AD3d 516, 518 [1st Dept 2018]). This concept was recently affirmed by the Court of Appeals in People v Scott (44 NY3d 302, 314 [2025] [internal citation omitted]), in which the Court observed that a "guilty plea is voluntary only if it represents an informed choice freely made by a defendant among other valid alternatives."
Defendant was told that he faced the possibility of serving two consecutive 15-year sentences if he elected to go to trial. At most, however, he was facing 20 years because of the statutory cap (see Penal Law § 70.30 [1] [e] [i]). Unbeknown to him, he was weighing the benefit of a plea offer of 20 years when in reality, it was the maximum he would serve even if convicted after trial. Defendant was not told about the capping statute and therefore lacked a "full understanding of what his plea connotes and of its consequence" (People v Buchanan, 194 AD3d at 656, quoting People v Harris, 61 NY2d 9, 19 [1983]). This is particularly true because defendant's guilty plea afforded him the exact sentence he would have served. The record is also clear that defendant remained conflicted about pleading guilty and sought to withdraw his plea.
The totality of the circumstances reflect that defendant's sentencing exposure played a decisive role in his decision to plead guilty, and his erroneous understanding that he faced 30 years in prison if he was convicted after trial had an "impact on [his] judgment" significant enough to render his guilty plea not knowing, voluntary and intelligent (Scott, 44 NY3d at 314). Under these circumstances, as the People concede, the plea was unknowing and involuntary and must be vacated (see Buchanan, 194 AD3d at 656).
The remaining arguments advanced by defendant on his appeal from the judgment of conviction, as well as his appeal from the order denying his CPL article 440 motion have been rendered academic by our decision (see People v Van Alstyne, 220 AD3d 1105, 1107 [3d Dept 2023]; People v Golden, 170 AD3d 528 [1st Dept 201]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 29, 2026